LaSalle Fire Insurance Company *v.* Jenkins.

Opinion delivered March 28, 1932.

*Buzbee, Pugh & Harrison,* for appellant.

*Sam E. Montgomery* and *Verne McMillen,* for appellee.

Kirby, J. The only question for determination here is whether the statute allowing recovery of penalty and attorney's fee for loss under a fire insurance policy is applicable to the case at bar, in which an automobile was destroyed by fire, the policy herein insuring said automobile against damage or loss by fire.

Suit was brought for damages for destruction by fire of an automobile belonging to appellee, which had been insured by appellant company, and judgment was rendered for the amount sued for with a 12 per cent. penalty and an attorney's fee of $100.

It is contended for reversal that the statute has no application to such a loss as that complained of here, but

only to usual losses by fire under ordinary fire insurance policies, and that this is rather automobile insurance than regular fire insurance.

The statute, § 6155, Crawford & Moses' Digest, provides: "In all cases where loss occurs, and the fire, life, health, or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve per cent. damages upon the amount of such loss, together with all reasonable attorney's fees for the prosecution and collection of said loss; said attorney's fees to be taxed by the court where the same is heard on original action, by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are, or may be, by law collected."

The appellant, the LaSalle Fire Insurance Company, is obviously a fire insurance company in name, and certainly its policy insures against the perils specified therein, defined as follows:

"F. Fire, Lightning and Transportation:

"(a) Fire, arising from any cause whatsoever; and lightning."

The penalty and attorneys' fees are allowed to be recovered under the statute where the fire, life or accident insurance company liable therefor fails to pay after a loss occurs and demand made within the time specified in the policy. No form of policy for fire insurance is specified in our statutes, and, even though the company issuing the policy was not named a fire insurance company, it would be none the less a fire insurance company if it issued policies of fire insurance upon property insuring against loss by fire, etc., and, as such, came within the provision of the statute, without regard to whether it wrote fire insurance exclusively or whether writing fire insurance was its principal business. In other words, if it insures property against loss by fire, it is a fire insurance company within the meaning of said statute.

The statute has been held not to apply to the recovery of a loss by cyclone in *Home Fire Ins. Co.* v. *Stancell,* 94 Ark. 578, 127 S. W. 966, or for loss by theft of an automobile under a policy issued by a fire insurance company in *National Union Fire Ins. Co.* v. *Crabtree,* 151 Ark. 561, 237 S. W. 97. In *National Union Fire Ins. Co.* v. *Henry,* 181 Ark. 637, 27 S. W. (2d) 786, the recovery of penalty and attorney's fees, where the suit was brought on "tornado policy," was denied.

The statute is highly penal, and should not be held to apply to any loss or company that is not therein expressly named, as already said by this court. But this hazard was expressly insured against by a fire insurance company, and the loss having occurred and not having been paid within the time specified in the policy after demand made therefor, the company was liable, of course, to the payment of the penalty and attorneys' fees prescribed by the statute.

The Arizona case relied on in appellant's brief, *Penn. Fire Ins. Co.* v. *Johnson,* 28 Ariz. 448, 237 Pac. 635, holding otherwise, does not seem to be based on sound reasoning and construed a statute of that State in conjunction with a specified form of policy provided for by law, and is without value in determining the question here.

We find no error in the record, and the judgment is affirmed.