Federal Life & Casualty Co. *v.* Weyer.

5-3603                                                               391 S. W. 2d 22

Opinion delivered June 7, 1965.

*Kirsch, Cathey & Brown,* for appellant.

*Robert Branch,* for appellee.

Jim Johnson, Associate Justice. This appeal involves Ark. Stat. Ann. § 66-3238 (Supp. 1963), a statute allowing penalty and attorneys' fees in certain suits against insurance.

The facts are not disputed. In 1957, appellant Federal Life and Casualty Company issued a policy to appellee Zieba Weyer providing for payment of $100.00 per month for twelve months if she became totally disabled as a result of sickness. Early in 1963, appellee made a claim for benefits and was paid for a period from February to May 1963. Appellant determined that the insured had resumed work in April, 1963, and wrote her several letters demanding repayment of the last $100 payment. On October 15, 1963, appellee's attorney wrote appellant that appellee was totally disabled, enclosed medical reports from two doctors verifying the disability, and admitted that the insured had been overpaid $100, which should "be credited against the amount which you now owe her". On October 28, 1963, appellant wrote appellee's attorney that it had proof that appellee worked through July of 1963, that "benefits for total disability as the result of an illness are payable when the insured is totally and continuously disabled and under the regular care of a duly licensed physician" and, "since appellee returned to work on April 20, we feel she is not entitled to benefits after that date".

On January 10, 1964, appellee filed suit in Greene Circuit Court against appellant, alleging the existence

of the policy, that during February of 1963 appellee became totally disabled and claimed and was paid benefits by appellant, that she attempted to resume work in April and continued to attempt to work periodically until August 12, 1963, since which time appellee has been totally disabled. The complaint stated that appellant was entitled to $100 credit for the benefits paid in April; that appellee had given appellant notice of her claim which appellant refused to pay and denied liability under the policy. The complaint prayed for judgment for $400 plus any additional amounts which might accrue during pendency of the suit, plus twelve percent penalty, attorney's fee and costs.

Appellant filed a plea in abatement and answer, praying that the suit be abated until appellee filed notice of claim and proof of loss, that appellant be given a reasonable time within which to determine its position with regard to such claim, and to be permitted to file further responsive pleadings. Appellant thereafter filed its amended answer, conceding that based on a medical report it was liable to appelle for the benefits sued for, subject to credit for the $100 previously paid, and prayed judgment be rendered in accordance with its answer but that no penalty or attorney's fee be assessed. On October 16, 1964, appellant's motion for summary judgment came on for hearing. It was stipulated that the only issue was appellee's prayer for twelve percent penalty and attorney's fee. After taking the matter under advisement, on December 30, 1964, the trial court granted judgment for appellee with twelve percent penalty and attorney's fee; from which comes this appeal.

For reversal appellant urges that the circuit court erred in awarding any penalty or attorney's fee in this case.

The applicable statute reads as follows:

"§ 66-3238. Suits against insurers—Damages and attorney fees on loss claims. In all cases where loss occurs . . . and the . . . insurance company . . . liable therefor shall fail to pay the same within the time speci-

fied in the policy, after demand made therefor, such . . . corporation . . . shall be liable to pay the holder of such policy, in addition to the amount of such loss, twelve (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; . . ."

The policy in its "Time for Payment of Claims" clause states: "Subject to due written proofs of loss, all accrued indemnities for loss for which this policy provides periodic payment will be paid monthly and any balance remaining unpaid upon the termination of liability will be paid immediately upon receipt of due written proof."

As we have seen, the policy here involved required that benefits be paid monthly. The benefits were not paid monthly—in fact benefits were not paid at all until judgment was confessed at a time subsequent to accrual of all benefits. There is no question here as to whether the amount sued for was collected.

Loss commenced August 12, 1963. Notice of the claim, together with medical reports, was given the company by appellee's attorney on October 15, 1963. The policy requires that the company, upon receipt of a notice of a claim, furnish the claimant forms for filing proofs of loss. There is no evidence that such claim forms were ever provided by appellant. An insurance company, by its conduct, may waive the requirement for proof of loss. *Farmers Mutual Ins. Co.* v. *Benniston,* 237 Ark. 768, 376 S. W. 2d 252. Further, appellant's denial of liability in its letter of October 29, 1963, was effective waiver of formal proof of loss.

It is well settled that attorney's fee and penalty attach if the insured is required to file suit, even though judgment is confessed before trial. *Equitable Life Assurance Society of the U. S.* v. *Gordy,* 228 Ark. 643, 309 S. W. 2d 330. Demand was made and liability under the contract established. The requirement of the statute being thus satisfied, *LaSalle Fire Insurance Company* v. *Jenkins,* 185 Ark. 484, 47 S. W. 2d 792, it follows that in the

absence of a showing by the insurance company that its actions come within the many exceptions to liability for the statutory penalty and attorney's fee, the judgment is affirmed.