MYRTLE NORRIS CLARK, ET AL v.
NEW YORK LIFE INSURANCE CO.

5-4751                                                    434 S.W. 2d 611

Opinion Delivered December 2, 1968

*Dickey, Dickey & Drake* for appellants.

*Coleman, Gantt, Ramsay & Cox* for appellee.

J. Fred Jones, Justice.   This is an appeal from the Lawrence County Circuit Court wherein a motion for summary judgment for statutory penalty and attorneys' fees was denied by the court in a suit on a life insurance policy.

The appellants are the widow and children beneficiaries under a double indemnity benefit life insurance policy issued by the appellee on the life of the insured, Millard M. Clark.   The insured died on March 19, 1967, from a pistol wound in the side of his head.   Proof of loss form was filed on April 18, 1967, a homicide charge was filed against the widow on April 25, 1967, and on June 20, 1967, suit was filed for $10,000, the proceeds of the policy under its double indemnity provision for accidental death.   Answer was filed on July 11, 1967, admitting the accidental death of the insured and on August 23, 1967, checks were issued and delivered to all the beneficiaries except the widow. On October 6, 1967,

the widow's share was paid into the registry of the court.

The double indemnity provision of the policy for death by accidental means contains language as follows:

"Provided, however, that such Accidental Means Death Benefit shall not be payable if the insured's death resulted from . . . suicide, whether sane or insane; . . ."

Motion for summary judgment for statutory penalties, attorney's fees, interest and cost, was filed on October 11, 1967, and appellee resisted the motion on grounds that there had been no undue delay in the payment of the claims under the peculiar facts and circumstances of the case.

The motion was submitted to the trial court upon stipulations and affidavits tending to prove on behalf of appellants that such evidence as the investigating officers had obtained had been made public and was available to the appellee, and that there was no evidence of suicide that would have voided the double indemnity provision of the policy. On behalf of the appellee the stipulations and affidavits tended to prove that appellee was handicapped in its investigation of the claims in that the prosecuting attorney, as well as the beneficiaries, especially the widow, refused to give it any information concerning the circumstances of the insured's death.

On April 12, 1968, appellants' motion for summary judgment was denied and the trial court entered judgment as follows:

"On this day this cause came on to be heard, the plaintiffs appearing by their attorneys Dickey & Dickey and the defendant appearing by its attorneys Coleman, Gantt, Ramsay & Cox. By con-

sent of the parties this cause was submitted to the court for its consideration on a stipulation filed herein, the matters appearing in the motion for summary judgment and response to motion for summary judgment with affidavits in connection therewith, the pleadings and other matters of record. After reviewing the stipulation, having heard argument of counsel and considering all other facts, evidence and matters before the court, the court, being well and sufficiently advised, finds that the plaintiffs declined to give to the defendant's representative information regarding the circumstances surrounding the death of Millard M. Clark; that said information was necessary for the defendant to make a proper determination regarding the claims filed by the plaintiffs; that the defendant did not deny liability; and that the time which it took in making the necessary investigation was not unreasonable under the circumstances that existed.

It is, therefore, considered, ordered, adjudged and decreed by the court that the prayer of the plaintiffs' complaint for statutory penalties, attorneys' fees and interest be and it is hereby denied and that the complaint, insofar as it related to the statutory penalties, attorneys' fees and interest, is hereby dismissed.''

Appellants set out their points relied on as follows:

''Court erred in not finding that the appellants were entitled to statutory penalties and attorney's fee, because:

Filing suit is sufficient for the attachment of statutory penalties, etc.

Denial was made by the appellee in its original answer.

That the alleged withholding of information had no bearing on the determinations of appellee.

Date of payment was in excess of sixty-day period.

Appellee's failure to act constitutes grounds for imposition of statutory penalties, etc.

Court erred in not awarding appellants interest and court costs.''

Arkansas Statute Annotated § 66-3238 (Repl. 1966) under which appellants claim penalty, attorneys' fees and cost is highly penal in nature and should be strictly construed.   *Clark Center* v. *Nat. Life & Acc. Ins.*, 245 Ark. 563, 433 S.W. 2d 151.   This section of the statute, insofar as it applies here, is as follows:

> ''In all cases where loss occurs and the . . . life, . . . insurance company . . . liable therefor shall fail to pay the same within the time specified within the policy, after demand made therefor, such . . . corporation . . . shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve per cent (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; said attorney's fee to be taxed by the court where the same is heard on original action, by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are, or may be by law collected; and writs of attachment or garnishment filed or issued after proof of loss or death has been received by the company shall not defeat the provisions of this section, provided the company or association, desiring to pay the amount of the claim as shown in the proof of loss or death may pay said amount into the registry of the court, after issuance of writs

of attachments and garnishment in which event there shall be no further liability on the part of said company."

The language in § 66-3238, supra, to the effect "shall fail to pay the same within the time specified in the policy after demand made therefor" contemplates that the insurer shall have a reasonable time to make necessary investigation in reference to the loss and the circumstances thereof after demand. *Taylor* v. *The Mutual Life Ins. Co. of N.Y.*, 193 Ark. 251, 98 S.W. 2d 944.

The insured was found in his apartment dead from a pistol bullet wound in the side of his head. If the death was a suicide, appellee would not have been liable for double indemnity under the provisions of the policy. If the death was the result of homicide committed by the wife and for which she stood indicted, she would not have been entitled to share in policy benefits. *Metropolitan Life Ins. Co.* v. *Shane*, 98 Ark. 132, 135 S.W. 836; *Horn* v. *Cole*, 203 Ark. 361, 156 S.W. 2d 787.

Even though the accused widow agreed to forfeit her rights as beneficiary in this case, the appellee insurer was still entitled to a reasonable time after receipt of proof of loss in which to make its investigation before the statutory penalties for delay would attach. *Clark Center* v. *Nat. Life & Acc. Ins., supra.*

We conclude, therefore, from the record before us in this case, that there was substantial evidence upon which the trial court based its decision that the appellee was not guilty of such unreasonable delay that would subject it to the statutory penalties under the facts and circumstances of this case, and we conclude that the judgment of the trial court should be affirmed.

Affirmed.