417 F.2d 683
 Myrtle N. CLARK, Appellee,
v.
PAUL REVERE LIFE INSURANCE CO., Appellant.
Myrtle N. CLARK, Appellant,
v.
PAUL REVERE LIFE INSURANCE CO., Appellee.
Myrtle N. CLARK, Appellee,
v.
CONTINENTAL CASUALTY CO., Appellant.
Myrtle N. CLARK, Appellant,
v.
CONTINENTAL CASUALTY CO., Appellee.
 Nos. 19543, 19544, 19598, 19610.
 United States Court of Appeals Eighth Circuit.
 Oct. 27, 1969.
 
 Jay W. Dickey, Jr., of Dickey, Dickey & Drake, Pine Bluff, Ark., for Myrtle N. Clark.
 H. Watt Gregory, III, of Rose, Meek, House, Barron, Nash & Williamson, Little Rock, Ark., for Continental Casualty Co.
 William R. Holland of Bridges, Young, Matthews & Davis, Pine Bluff, Ark., for Paul Revere Life Ins. Co.
 Before VAN OOSTERHOUT, Chief Judge, and LAY and HEANEY, Circuit judges.
 VAN OOSTERHOUT, Chief Judge.
 
 
 1
 Defendant Continental Casualty Company has taken a timely appeal in case No. 19,598 from the final judgment of the District Court filed September 24, 1968, awarding plaintiff Myrtle N. Clark interest at 6% Per annum on the $50,000 face of defendant's policy from June 14, 1967, to the time of deposit of the policy proceeds in the registry of the court, plus 12% Penalty on the $50,000, and attorneys' fees in the amount of $1,500. Defendant also appeals from the court's failure to allow it costs and attorneys' fees, arising out of the intervention proceedings, out of the deposited funds. Plaintiff by cross-appeal (No. 19,610) urges that the attorney fee allowance made was not adequate and that interest on the policy principal should accrue from the time notice of loss was received by the defendant (May 1, 1967).
 
 
 2
 Defendant Paul Revere Life Insurance Company has taken a timely appeal (No. 19,543) from final judgment awarding plaintiff Myrtle N. Clark interest at 6% Per annum on the $25,000 policy coverage from April 27, 1967, to the time the policy proceeds were deposited in the registry of the court, plus a 12% Penalty on the $25,000, and attorneys' fees of $1,000. Plaintiff by cross-appeal (No. 19,544) urges the allowance of attorneys fees is not adequate.
 
 
 3
 In each of these cases both parties moved for summary judgment. The cases were consolidated in the trial court and heard by the court without a jury. All pleadings and motions together with affidavits and exhibits thereto attached were made a part of the record. Oral evidence was received. Both cases were submitted and decided on the merits and the judgments heretofore described were entered. Jurisdiction based on diversity of citizenship is established.
 
 
 4
 The cases were consolidated for hearing upon appeal. We shall deal with the appeals and cross-appeals in both cases in this opinion.
 
 
 5
 Defendants' Appeals.
 
 
 6
 The principal issue raised by each defendant on appeal is whether the court erred in awarding plaintiff statutory penalty, attorneys' fees and interest. The full amount of the policy coverage in each instance has been paid. The answer to the propriety of the allowance of penalty and attorneys' fees lies in the interpretation of Arkansas Statutes Annot. 66-3238 which in material part reads:
 
 
 7
 'In all cases where loss occurs and the * * * insurance company * * * shall fail to pay the same within the time specified in the policy, after demand made therefor, such person * * * shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve percent (12%) damages * * * with all reasonable attorneys fees * * *.'
 
 
 8
 The Supreme Court of Arkansas in Clark v. New York Life Ins. Co., 434 S.W.2d 611 (December 2, 1968) and Clark Center, Inc. v. National Life & Accident Ins. Co., 433 S.W.2d 151 (November 4, 1968), both decided after the judgments before us were entered, authoritatively interprets 66-3238. The Court, after stating that 66-3238 is highly penal and to be strictly construed, holds:
 
 
 9
 'The language in 66-3238, supra, to the effect 'shall fail to pay the same within the time specified within the policy, after demand made therefor' contemplates that the insurer shall have a reasonable time to make necessary investigation in reference to the loss and the circumstances thereof after demand.' 434 S.W.2d 611, 613.
 
 
 10
 What is a reasonable time for an investigation necessarily depends upon the facts and circumstances of each case. Liability in the cited Arkansas cases, as in the cases before us, is predicated upon accident insurance policies issued upon the life of Millard M. Clark. In the cases before the Arkansas Supreme Court and those before us in these appeals, it is conceded that the policies were valid and in full force and effect. Mr. Clark was found in his apartment fatally wounded by a gunshot in his head on the morning of March 19, 1967. His wife, Myrtle N. Clark, beneficiary of the policies and plaintiff in these cases, was in the room with him. There is no evidence that anyone else was present. On April 25, 1967, Mrs. Clark was charged in a county attorney's information with murder of her husband.[1]
 
 
 11
 Each of the defendant insurance companies received notice of Mr. Clark's death shortly after the incident. They immediately proceeded to investigate the policy claims with due diligence but were unable to get any information from Mrs. Clark, who upon advice of her attorney and her son refused to make any statement with respect to the circumstances leading to Mr. Clark's death. The prosecuting attorney, following what he believed to be proper ethical standards, refused to give any information that he possessed with respect to the circumstances of Mr. Clark's death and he instructed the investigating officers to give out no information. No other sources of information appeared to have been available. Defendants assert an investigation was necessary for two reasons: (1) The policies excluded liability for suicide and hence an investigation of the suicide aspect was necessary and reasonable. (2) Under Arkansas law, willful, unlawful and feloniously killing of the assured by the person named as beneficiary forfeits all rights of the beneficiary to the policy proceeds. See Clark Center, Inc. v. National Life & Accident Ins. Co., supra.
 
 
 12
 It fairly appears from the trial court's findings, dictated into the record after the case had been submitted, that the court did not doubt defendants' diligence and good faith in the investigation of the loss claims here involved nor defendants' need for information regarding the circumstances of the insured's death in order to properly ascertain their position. The court, upon the basis of its interpretation of the then existing Arkansas law, considered defendants' liability for penalty and attorneys' fees under 66-3238 to be absolute from the expiration of the sixty days from the filing of a claim under the policies.
 
 
 13
 The factual situation in the cases now before us differs in no material respect from the factual situation presented in the two recently decided Arkansas cases heretofore cited.[2] Such Arkansas Supreme Court cases were decided subsequent to the trial court's decision. We are of the view that the Arkansas Supreme Court would on the factual situation presented in the cases now before us disallow the penalty and attorneys' fees for the same reasons that it disallowed such items in the New York Life Ins. Co. and the National Life & Accident Ins. Co. cases. Arkansas law controls.
 
 
 14
 The judgments to the extent that they allow plaintiff penalty and attorneys' fees in each of the cases are reversed.
 
 
 15
 In both cases before us, error is asserted in allowing interest on the face of the policies from the date of filing claim under the policies up to the date of the deposit of the policy proceeds in the court registry. The error assertion is in the form of a bald conclusion without ony supporting authorities or argument. Interest is not covered by 66-3238. Each policy provides that the proceeds become due upon the filing of a claim on company prescribed forms. Interest is not a penalty but is compensation for the use of money. 45 A.Jr.2d, 2d, Interest 1. Arkansas Constitution, Article 19, 13, fixes the legal rate of interest at 6% Per annum in instances where the rate of interest has not been agreed upon. Defendants have failed to demonstrate that the court committed error in its interest allowance.
 
 
 16
 Continental in No. 19,598 urges that the court erred in failing to allow it costs and attorneys' fees incurred in its interpleader proceedings. Continental, citing 3 Moore Federal Practice 22.16 (2), asserts that the award of costs including a reasonable attorney fee out of deposited funds in an interpleader proceeding lies within the sound discretion of the court. Assuming without so deciding that this is a correct statement of the law, we hold that the court under the peculiar circumstances of this case did not abuse its discretion in failing to allow costs and attorneys' fees for the interpleader proceedings. See Travelers Indemnity Co. v. Israel, 2 Cir., 354 F.2d 488, 490.
 
 
 17
 Cross-Appeals.
 
 
 18
 Plaintiff in each of the cross-appeals urges that the allowance of attorneys' fees made to her in each of the case is inadequate. Then she additionally states that she should be allowed fees for services of her attorneys on these appeals. Our determination on defendants' appeals that no fees are allowable forecloses the consideration of these issues.
 
 
 19
 Additionally, plaintiff in her cross-appeal in No. 19,610 urges that she should be allowed interest on the policy principal sum from May 1, 1967, rather than from June 14, 1967, upon the basis that Continental had waived filing of proof of loss and that hence the policy proceeds became due on the date of her earlier demand. The court found against plaintiff on this issue. There is substantial evidence to support the trial court's findings.
 
 
 20
 Summary.
 
 
 21
 Upon defendants' appeals in cases Nos. 19,543 and 19,598, the judgments to the extent that they allow the plaintiff a 12% Penalty and attorneys' fees are reversed. In all other respects, the judgments appealed from are affirmed.
 
 
 22
 Upon the cross-appeals in cases Nos. 19,610 and 19,544, the judgments are affirmed with respect to all issues raised by the cross-appeals.
 
 
 23
 The cases are remanded to the District Court for further proceedings consistent with the views here expressed.
 
 
 
 [1]
 Mrs. Clark was tried on such charge in April of 1968. The record does not disclose the result of the trial. Counsel on oral argument informed the court that Mrs. Clark was acquitted
 
 
 [2]
 In Clark v. New York Life Ins. Co., 434 S.W.2d 611, the policy proceeds were paid into the court register on October 6, 1967. Continental filed its interpleader claim and deposited the full policy proceeds in the court registry on August 23, 1967. Paul Revere filed interpleader and deposited the full proceeds in the court registry on October 12, 1967