FARMERS INSURANCE COMPANY, INC., MISSION, KANSAS, Plaintiff,

v.

The PERSONAL REPRESENTATIVE OF Carnarvus MITCHELL, Deceased, the Personal Representative of Antonio Jones, Deceased, Octavous Benton, Lois Jones, Jean Evelyn Jones, Lorenzo Jones, Ray Keaton, Holt–Krock Clinic of Fort Smith, Arkansas, Lienholder for Lois Rena Jones, Holt–Krock Clinic, Fort Smith, Arkansas, Lienholder for Octavous Benton, Jerry Hackworth, and Louis W. Sullivan, M.D., Secretary of the United States Department of Health and Human Services (Medicare Services), Defendants.

Civ. No. 88–2100.

United States District Court, W.D. Arkansas, Fort Smith Division.

April 14, 1989.

---

Robert L. Jones, III, Jones, Gilbreath, Jackson & Moll, Fort Smith, Ark., for plaintiff.

Mark W. Webb, Asst. U.S. Atty., Fort Smith, Ark., Gayla Fuller, Emmitt Roberts, Mark S. Kennedy, Office of General Counsel, Dept. of Health & Human Services, Dallas, Tex., for Otis R. Bowen, M.D.

Rex Terry, Hardin, Jesson & Dawson, Fort Smith, Ark., for Holt–Krock Clinic.

Gary R. Cottrell, Van Buren, Ark., for the personal representative of Carnarvus Mitchell, deceased, the personal representative of Antonio Jones, deceased, Lois Jones, Jean Evelyn Jones and Ray Keaton.

G. Alan Wooten, Warner and Smith, Fort Smith, Ark., for Sparks Regional Medical Center.

David Maddox, Mena, Ark., Mark Hewett, Douglas, Hewett & Shock, Fort Smith, Ark., for Octavous Benton.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

On July 21, 1986, a vehicle driven by defendant Jerry Hackworth and insured by plaintiff collided with a vehicle driven by defendant Jean Evelyn Jones and occupied by the other individual defendants in this case. Carnarvus Mitchell and Antonio Jones were killed in the accident, and their estates request compensation for funeral expenses. Additionally, defendants Lois Rena Jones, Ray Keaton, and Octavous Benton suffered physical injury, defendant Lois Rena Jones missed work for several months, and defendants Lois Rena Jones,

Lorenzo Jones, Jean Evelyn Jones and Ray Keaton have undergone pain and suffering.

Plaintiff interpleaded its policy limits of $50,000.00, a sum which has now grown to $55,014.28. The claims of the various defendants greatly exceed this amount. Specifically, defendants request relief in the following amounts:

Table 1

| | | |
|---|---|---|
| Octavous Benton | $ 87,648.74 | medical expenses |
| Antonio Jones estate | $ 4,402.03 | funeral expenses |
| Mitchell estate | $ 3,334.30 | funeral expenses |
| Lois Rena Jones | $ 5,355.18 | medical expenses |
| | $ 4,300.00 | lost wages (plus pain and suffering) (total $9,655.18) |
| Ray Keaton | $ 25.00 | (plus pain and suffering) |
| Jean Evelyn Jones, Lorenzo Jones | — | damages for pain and suffering |
| Total | $105,065.25 | (plus damages for pain and suffering) |

In addition, defendants Holt–Krock Clinic (hereinafter "Holt–Krock") and the federal government (hereinafter "defendant Sullivan") claim liens upon any recovery by defendant Benton,[1] in the amounts of $4,339.81 and $14,178.41 respectively. Finally, plaintiff requests attorneys' fees and a declaration that it is not liable to pay any further amount or to defend defendant Hackworth.

In an order filed March 13, 1989, the court directed that this case be decided upon a written record. As the parties have either filed briefs or requested that earlier briefs be considered in lieu of trial briefs, the court will now consider the case and equitably apportion the interpleaded amount between the parties.

## I.

The questions which the court must decide are as follows: (1) whether plaintiff is entitled (a) to a declaration that it is not liable to defend or pay defendants beyond paying the policy limits; or (b) to attorney's fees; (2) how much each defendant injured in the accident should recover;[2] and (3) how much defendants Sullivan and Holt–

Krock may recover from defendant Benton. Each question will be addressed in turn.

## A.

As noted above, plaintiff requests a declaration that it be discharged from further liability to all defendants, including defendant Hackworth, who has not filed any pleadings in this case. Plaintiff also requests that it be discharged from any duty to defend defendant Hackworth.

■ The policy between plaintiff and defendant Hackworth provides that plaintiff "will not defend any suit or make any additional payments after we paid the limit of liability for coverage." Trial Brief on Behalf of Plaintiff, at 3. In *Economy Preferred Insurance Company v. Richard Wright, et al.*, No. 88–2078, slip op., 1988 WL 220990 (W.D.Ark. Sept. 28, 1988), this court held that an insurer had no duty to defend where the policy provided that such duty "ends when our limit of liability for this coverage has been tendered or exhausted." *Id.* at 6. Although plaintiff's policy does not mention the possibility of tendering the policy limits to the court, it does state that the duty to defend ends

---

**1.** Although defendant Holt–Krock was originally a lienholder as to defendant Lois Rena Jones, it no longer claims such a lien.

**2.** Although plaintiff does not, in so many words, allege that defendant Hackworth is liable for

the accident, that is the clear implication of the complaint in interpleader. Thus defendant Hackworth's default concludes the liability issue against him, and the court will proceed to consider the issue of damages.

"after we paid the limit of liability for coverage." This provision is similar to one in a case relied upon in *Economy Preferred*, which allowed the insurer to "pay its insured the policy limits. . . .", *Batdorf v. Transamerica Title Company*, 702 P.2d 1211, 1213, 41 Wash.App. 254 (Wash.App. 1985). Accordingly, the court holds that plaintiff has no duty to defend defendant Hackworth in further suits.

■ Plaintiff also requests $662.05 in attorney's fees for its services in this case. As a general rule, attorney's fees will be awarded to the stakeholder in an interpleader proceeding where the stakeholder acts in a "disinterested" manner and filed its suit "in good faith. . . ." *Equifax, Inc. v. Luster*, 463 F.Supp. 352, 357 (E.D.Ark.), *aff'd on other grounds sub nom. Arkansas Louisiana Gas Co. v. Luster*, 604 F.2d 31 (8th Cir.) *cert. denied*, 445 U.S. 916, 100 S.Ct. 1276, 63 L.Ed.2d 600 (1980); *but cf. Clark v. Paul Revere Life Insurance Co.*, 417 F.2d 683, 686 (8th Cir.1969) (stakeholder may be denied attorney's fees under unspecified "peculiar circumstances").

The other parties do not object to granting plaintiff attorney's fees, and there is no apparent reason why the court should deny fees. Accordingly, the court will grant plaintiff's claim for attorney's fees, thus reducing the size of the interpleader fund to $54,352.23.

### B.

■ As previously indicated, the individual defendants injured in the accident claim roughly twice the amount available in the interpleader fund, in addition to damages for pain and suffering. The claimants make no legal arguments in support of their claims. Thus, the court must apportion its awards based on equitable considerations.

Two considerations guide the court's apportionment. First, the court holds that defendants' pain and suffering should not be considered in the apportionment of interpleader funds because there is no evidence before the court on the nature and extent of this element of damages. Second, the court will apportion the interpleader fund pro rata among those defendants who have suffered other kinds of damages, rather than trying to devise a scheme to give some types of damages priority over others. Such pro rata apportionment yields the following results:

Table 2

| | | |
|---|---|---|
| Octavous Benton and lienholders | $45,342.34 | |
| Antonio Jones estate | $ 2,277.25 | |
| Mitchell estate | $ 1,724.90 | |
| Lois Rena Jones | $ 2,770.34 | medical |
| | $ 2,224.47 | lost wages |
| | (total $4,994.81) | |
| Ray Keaton | $ 12.93 | |
| Total | $54,352.23 | |

Under this apportionment plan, $45,342.34 would ordinarily be allocated to defendant Benton. In this case, however, two of defendant Benton's creditors (defendants Sullivan and Holt–Krock) claim to have statutory liens on Benton's award.

On February 14, 1989, this court filed an order granting in part and denying in part the federal government's motion for summary judgment. In that order, the court granted summary judgment against defendant Benton "for any amount that he may recover in this suit up to the amount expended by the government." *Farmers Insurance Company, Inc. v. The Personal Representative of Carnarvus Mitchell, et al.*, No. 88–2100, slip op. at 2 (W.D.Ark. Feb. 14, 1989). The court held that the government "may claim an interest in the interpleaded fund to the same extent . . . that defendant Benton may do so." *Id.* Accordingly, the court will grant defendant Sullivan's claim for $14,178.41 out of the interpleader fund.

Defendant Holt–Krock also has a lien of $4,339.81 for treatment rendered to Octavous Benton. The parties have apparently stipulated that this lien is valid, and even if they had not done so, the lien is enforceable under Arkansas law. A.C.A. § 18–46–112 (1987). Accordingly, the court will also grant defendant Holt–Krock's claim for $4,339.81.

### II.

In sum, the court will apportion the interpleader fund as follows:

258

Holt–Krock Clinic .............. $ 4,339.81
Louis Sullivan ................ $14,178.41
Octavous Benton.............. $26,824.12
Antonio Jones estate........... $ 2,277.25
Carnarvus Mitchell estate ...... $ 1,724.90
Louis Rena Jones.............. $ 4,994.81
Ray Keaton .................. $     12.93
Farmers Insurance Co......... $    662.05

Total............................ $55,014.28

Additionally, the court will order that plaintiff be discharged from further liability arising out of the facts of this case.