**Rose Nell McKEE, Plaintiff,**

v.

**FEDERAL KEMPER LIFE ASSURANCE COMPANY, Defendant.**

**No. J–C–89–95.**

United States District Court, E.D. Arkansas, Jonesboro Division.

Nov. 15, 1989.

Frank Snellgrove and Lance Miller, Walker, Snellgrove, Laser & Langley, Jonesboro, Ark., for plaintiff.

Barry Deason and Lucinda McDaniel, Barrett, Wheatley, Smith & Deacon, Jonesboro, Ark., for defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

On May 8, 1989, plaintiff filed an action in the Circuit Court of Craighead County, Arkansas seeking proceeds of a life insurance policy, along with a statutory penalty and attorney's fees for failure of defendant to pay. Defendant removed the action to this Court. Pending before the Court are cross motions for summary judgment. Most of the facts, recited below, are not in dispute.[1]

On April 27, 1988, Bobby McKee completed an application with defendant for a life insurance policy in the amount of five million dollars. The policy was issued on July 1, 1988, naming plaintiff as the beneficiary. It had a two year contestable period. Bobby McKee was killed in a tragic car accident on a highway outside Kennett, Missouri on February 20, 1989.

Plaintiff submitted a proof of loss to defendant's agent, Ricky Lynn Floyd, on March 1, 1989. Defendant received the proof of loss on Friday, March 3, 1989.

On March 6, 1989, Mary Beth Jachec, claims representative with defendant, assigned the investigation of McKee's death to Equifax. On March 15, 1989, Jachec wrote plaintiff's counsel to advise them that the investigation had begun but that payment may be delayed due to the investigation. Plaintiff's counsel was also informed that a normal investigation would take between six to eight weeks and that the five million dollar policy would accrue interest at the rate of eight percent from the date of death.

On March 20, 1989, plaintiff's counsel wrote defendant requesting that the settlement check be forwarded to them when the claim was complete. Jachec wrote plaintiff's counsel on April 10, 1989, to advise them that defendant was still awaiting additional information. By letter dated May 2, 1989, Jachec informed counsel that defendant was awaiting one more report before the claim would be finalized.

Payment was approved on May 3, 1989, and a check for $5,072,454.24 issued on that date was mailed to plaintiff's counsel by letter dated May 4, 1989. The check was received by plaintiff's counsel on Saturday, May 6, 1989. On Monday, May 8, 1989, counsel returned the check and enclosed in the same envelope a summons and complaint asserting that the check was paid more than two months after the date of proof of loss and was for an incorrect amount.

Defendant answered the complaint on May 18, 1989, admitting that it had miscalculated the amount of interest in the original check, having computing interest from March 3, 1989, rather than February 20,

---

1. Defendant filed a statement of material facts as to which it contends there is no genuine issue to be tried in accordance with Local Rule 29. Plaintiff has not filed such a statement either in support of her motion for summary judgment or in response to defendant's motion. In accordance with Rule 29(3) of the Local Rules, all material facts set forth in defendant's statement shall be deemed admitted as plaintiff has not filed a separate statement of material facts as to which she contends a genuine issue exists to be tried.

1989, the date of death. Defendant recalculated the interest owed and tendered a check in the amount of $5,084,554.18 into the Registry of the Court on May 19, 1989. On July 13, 1989, to avoid possible controversy, defendant tendered an additional $15,503.77 representing an additional fourteen days of interest.

## ANALYSIS

Plaintiff contends that defendant was required to pay the policy proceeds within two months after receipt of proof of loss. She relies on A.C.A. sec. 23–81–113 which provides:

(a) There shall be a provision that when a policy shall become a claim by the death of the insured, settlement shall be made upon receipt of due proof of death and, at the insurer's option, surrender of the policy or proof of the interest of the claimant or both surrender and proof.

(b) If any insurer shall specify a particular period prior to the expiration of which settlement shall be made, the period shall not exceed two (2) months from the receipt of the proofs.

In the instant case, the policy stated: Proceeds should be paid within 30 days or less of the time we receive proof of the death of the insured. If they are not paid within that time, we will pay 8% interest per year on the proceeds and any premiums paid beyond the month in which death occurs.

Plaintiff contends that section 23–81–113(b) sets a two month limit for payment of proceeds on a life insurance policy. Failing to pay within the time required by statute, plaintiff argues, triggers the statutory penalty of A.C.A. sec. 23–79–208(a) which provides:

In all cases where loss occurs and the ... life ... insurance company ... liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the ... firm, corporation, or association shall be liable to pay the holder of the policy or his assigns, in addition to the amount of the loss, twelve (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

Defendant asserts that the Arkansas courts' have created an exception to the penal provisions of section 23–79–208(a); i.e., an insurer will be allowed a reasonable time to investigate a claim.

No court has interpreted section 23–81–113(b). On its face, it sets forth a legislative intent that life insurance claims be settled within two months. The Court is persuaded, however, that the failure to comply with the time limitations does not automatically subject an insurer to the statutory penalties.

The penalty nature of section 23–79–208 "is directed against unwarranted delaying tactics of insurers." *Simmons First National Bank v. Liberty Mutual Insurance Co.*, 282 Ark. 194, 198, 667 S.W.2d 648 (1984).

The legislature has recognized a social and moral purpose in providing for the allowance of a statutory penalty and attorney's fees in litigation between insured and insurer. These reasons include discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of claimants to obtain legal representation.

*USAA Life Insurance Co. v. Boyce*, 294 Ark. 575, 578, 745 S.W.2d 136 (1988).

The Arkansas courts have recognized that because the statute is highly penal in nature it is to be strictly construed. *Callum v. Farmers Union Mutual Ins.*, 256 Ark. 376, 381, 508 S.W.2d 316 (1974). The Arkansas courts have also acknowledged that there are "many exceptions to liability for the statutory penalty and attorney's fee". *Federal Life & Casualty Co. v. Weyer*, 239 Ark. 663, 667, 391 S.W.2d 22 (1965).

Thus, the Arkansas courts have specifically found that the language in 23–79–208 "to the effect 'shall fail to pay the same within the time specified in the policy after demand made therefor' contemplates that the insurer shall have a reasonable time to make necessary investigation in reference

to the loss and the circumstances thereof after demand." *Clark v. New York Life Ins. Co.*, 245 Ark. 763, 768, 434 S.W.2d 611 (1968).

In *Clark v. Paul Revere Life Ins. Co.*, 417 F.2d 683 (8th Cir.1969), the court refused to impose absolute liability on the insurer for failing to settle the claim within sixty days from the filing of the claim. The Eighth Circuit, relying on the recently decided cases of *Clark v. New York Life Ins. Co.*, 245 Ark. 763, 434 S.W.2d 611 (1968) and *Clark v. National Life & Accident Ins. Co.*, 245 Ark. 563, 433 S.W.2d 151 (1968), found that Arkansas courts allowed insurers a reasonable time to investigate claims. Under the facts before it, the Eighth Circuit refused to impose the penalty and attorney's fees.

The exception clearly enunciated in the *Clark* cases remains good law. In *Farm Bureau Mutual Ins. Co. v. Shaw*, 269 Ark. 757, 600 S.W.2d 432 (1980), the Arkansas Court of Appeals, citing the *Clark* cases agreed that "an insurer should have a reasonable time to investigate the circumstances of a loss after a demand for payment has been made." 269 Ark. at 760, 600 S.W.2d 432.

■ The Court, therefore, finds that failure to pay the claim within sixty days of receipt of the proof of loss does not result in automatic liability under the penal provisions of section 23–79–208. Even under the penalty statute, an insurer has a reasonable time to investigate a claim. What is reasonable depends on the facts and circumstances of the case. A penalty may well be imposed in situations of unwarranted delay or refusal to pay.

■ Having found that defendant had a reasonable time to investigate the claim, the Court must determine whether defendant's actions were reasonable under the circumstances. Plaintiff argues first that defendant's investigation was unreasonable as a matter of law. In the alternative, plaintiff asserts that a jury question exists as to whether defendant's investigation was reasonable.

While the underlying question of an insurer's liability under the policy is a matter to be determined by a jury, the award of the statutory penalty and attorney's fees is determined by the trial court. *Taylor v. The Mutual Life Ins. Co.*, 193 Ark. 251, 98 S.W.2d 944 (1936); *Blue Cross and Blue Shield v. Remagen*, 25 Ark. App. 96, 752 S.W.2d 284 (1988).

The Court has reviewed the submissions of both parties with regard to defendant's actions. According to the chronology of events submitted by defendant, and not disputed by plaintiff, and the uncontroverted affidavits of Mary Beth Jachec and F. Clifford Tarver, defendant reasonably investigated the claim. The Court notes that the investigator was unable to obtain certain information until plaintiff returned to town at the end of March. Certain information had to be obtained concerning the decedent's medical condition and other insurance policies. In addition, defendant needed to obtain information concerning the automobile accident which resulted in McKee's death.

The Court finds that under the facts of this case defendant paid the claim as soon as it completed a reasonable investigation. The Court finds that payment only a few days after the sixty day time period of section 23–81–113(b) did not prejudice plaintiff in any respect as she received interest from the date of death. Furthermore, the Court finds that defendant's miscalculation of interest was an "honest" mistake, *de minimus* at best, and certainly not so egregious as to warrant imposing a penalty.

In sum, the Court, after reviewing the entire record, finds under the facts of this case that defendant's investigation was reasonable and conducted in good faith. At no time did defendant deny it owed the claim or refuse to pay it. The Court finds that an award of a 12% penalty and attorney's fees is not warranted under the circumstances.

Accordingly, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

Judgment will be entered in favor of defendant and the complaint is hereby dismissed.

IT IS SO ORDERED.