SILVEY COMPANIES *v.* Frenchie RILEY

94-484                                             888 S.W.2d 636

Supreme Court of Arkansas
Opinion delivered December 5, 1994
[Rehearing denied January 17, 1995.]

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Rick Runnels* and *Valerie Denton*, for appellant.

*Gibson & Hashem*, by: *C.C. Gibson, III*, for appellee.

ROBERT H. DUDLEY, Justice. Frenchie and Hazel Riley's home was destroyed by fire on June 9, 1992. The Silvey Companies had issued a homeowners' policy to Frenchie Riley that covered loss by fire in the amounts of $45,000.00 for the dwelling and $22,500.00 for the contents and personal property. On July 8, 1992, Silvey paid $500.00 on the contents. The Rileys employed counsel, and there were various discussions with Silvey's attorney. On October 13, 1992, the claim had not been paid in full, and Frenchie Riley filed suit against the Silvey Companies. The prayer of the complaint asked for the policy limits, twelve percent penalty and attorneys' fees. *See* Ark. Code Ann. § 23-79-208(a) (Repl. 1992). Silvey answered that the policy was void because the Rileys had intentionally set their home on fire.

On October 28, 1992, Silvey paid Riley $40,000.00 on the dwelling. Riley's attorney notified the company that it owed another $5,000.00 on the dwelling plus the policy limits on the contents. On November 25, 1992, Silvey paid $15,000.00 for "fire."

On December 8, 1992, Riley amended his complaint to allege that Silvey had paid $55,000.00, but still owed $12,500.00 for the contents and personal property, and asked for penalty and attorneys' fees. Silvey answered and denied that it owed any more money under the policy. On December 15, 1992, Silvey paid Riley the final $12,500.00.

On February 5, 1993, Silvey filed a motion alleging that it had settled the case with Riley. It asked the trial court to enforce the settlement and not to award a penalty and attorneys' fees. Riley responded by denying that a settlement had been reached.

On October 6, 1993, the trial court found that the case had not been settled, fixed the penalty at $8,100.00, and awarded attorney's fees of $20,000.00. Silvey appeals. We affirm.

Riley argued below, and argues in this court, that the policy's terms provided that Silvey was required to pay the amount owed sixty days after it received the proof of loss. Silvey did not contest that construction of the terms of the policy in the trial court and in its brief in this court admits: "The policy in this case provided that Silvey would pay for the loss 60 days after Proof of

Loss was received." The trial court found that Riley was not paid until more than sixty days after the proof of loss was submitted. There was substantial evidence to support that finding.

Section 23-79-208 of the Arkansas Code Annotated provides in pertinent part:

> In all cases where loss occurs and the . . . fire . . . insurance company . . . liable thereon shall fail to pay the losses within the time specified in the policy, after demand made therefor, the [insurance company] shall be liable to pay the holder of the policy . . ., in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.

Ark. Code Ann. § 23-79-208(a) (Repl. 1992).

Our construction of this section is straightforward: "Where an insured loss occurs and an insurance company fails to pay the loss within the time specified in the policy, then the insurance company is required to pay, in addition to the loss, a 12% penalty plus reasonable attorneys' fees." *Miller's Mut. Ins. Co.* v. *Smith Co.*, 284 Ark. 124, 126, 680 S.W.2d 102, 103 (1984). The fact that the insurance company later paid the claim does not defeat the award of penalty and attorney's fees for "[i]t is well settled that attorney's fees and penalty attach if the insured is required to file suit, even though judgment is confessed before trial." *Federal Life & Casualty Co.* v. *Weyer*, 239 Ark. 663, 666, 391 S.W.2d 22, 23 (1965).

Silvey argues that there is an exception to the above stated general rule and that this exception applies where it is reasonably necessary for the insurance company to continue to investigate the loss even after payment is due under terms of the policy. *See Clark* v. *New York Life Ins. Co.*, 245 Ark. 763, 434 S.W.2d 611 (1968). The argument does not prevail in this case because it was not reasonably necessary for the insurance company to continue to investigate the case for more than sixty days after the proof of loss was submitted. Here, the insurance company was notified of the fire the day after it occurred and assigned an adjusting firm to investigate the loss. By June 22, 1992, it had concluded the fire was of incendiary origin, and within thirty days after the fire Silvey had set up its arson defense. Silvey took

sworn statements from both of the Rileys, and, within sixty days of the fire, it was in position to either admit or deny the claim. Silvey did not show a reasonable need for investigation past the sixty day period.

Silvey additionally argues that it did not have a revised inventory of contents until November 30, 1992, and it is excused from paying until at least that time. However, this was a disputed matter of fact, and the trial court ruled against Silvey. It is axiomatic that decisions as to the credibility of the witnesses are to be made by the trier of fact. *Atkins* v. *State*, 310 Ark. 295, 836 S.W.2d 367 (1992).

In its reply brief in this court Silvey argues that the "time to impose a penalty and attorneys' fees is not 61 days after the loss as ordered by the trial court, but after the proof of loss was received *and* one of the various other requirements enumerated [in the policy] has been met." We do not reach this argument because it is made for the first time on appeal, and we will not reverse for error not brought to the attention of the trial judge. *Schmidt* v. *McIlroy Bank & Trust*, 306 Ark. 28, 811 S.W.2d 281 (1991).

Silvey next argues that the trial court miscalculated the amount of penalty and attorneys' fees. It argues that the trial court should have fixed the penalty and allowed attorneys' fees only on $12,500.00, the amount of the last demand by Riley. We do not reach the argument because it was not raised in the trial court. Riley, in his brief to the trial court, wrote:

> The only issue is did they fail to pay the loss within the time specified in the policy. If so, the statute mandates that the Court assess the 12% penalty and attorney's fees. As to the penalty amount, it was *undisputed* at the hearing the 12% penalty is $8,100.00 on the loss of $67,500.00.

> The attorney's fee paid by Mr. and Mrs. Riley was $22,500.00 based upon a one-third contingency fee contract with their attorneys and a total recovery of $67,500.00. (emphasis added).

Silvey did not contest the suggested method of calculation. Rather, it argued that it did not owe any penalty and attorneys' fees. Silvey never presented an argument to the trial court that

the penalty and attorneys' fees should be based only upon the amount of the final demand, and we will not decide an argument raised for the first time on appeal.

Affirmed.