921 S.W.2d 930 (1996)
324 Ark. 387
FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC., Appellant,
v.
Romeal K. DAVID, Appellee.
No. 95-838.
Supreme Court of Arkansas.
May 13, 1996.
Richard N. Watts, Brian Allen Brown, Little Rock, for Appellant.
Dinah M. Dale, Benton, for Appellee.
CORBIN, Justice.
Appellant, Farm Bureau Mutual Insurance Company of Arkansas, Inc., appeals the order of the Saline County Circuit Court entered in favor of its insured, appellee Romeal K. David, awarding twelve percent penalty of $9,240.00 and attorney's fees of $23,100.00, in addition to prejudgment and postjudgment interest on a confessed judgment of $77,000.00. Appellant raises two points for reversal. We find no merit and affirm.

*931 PROCEDURAL HISTORY

Appellee was insured under a homeowner's policy issued by appellant when his house and personal property burned on September 9, 1994. Appellee filed a complaint against appellant on December 1, 1994, claiming an amount due under the policy of $77,000.00 and stating that appellee had unsuccessfully made demand on appellant for the claim. In the complaint, appellee requested the twelve percent penalty, costs, and attorney's fees provided for in Ark.Code Ann. § 23-79-208 (Repl.1992). Appellant answered on December 15, 1994, alleging it had not had adequate time to complete its investigation due to appellee's dilatory nature in providing information and authorizations to appellant. On January 5, 1995, appellant filed an offer of judgment for the policy limits of $77,000.00. That same day, appellee filed a response to the offer of judgment in which appellee accepted the $77,000.00 and moved the court for penalty and fees pursuant to section 23-79-208. Appellant responded, arguing that appellee's motion for penalty and attorney's fees varied the terms of appellant's offer of judgment and therefore did not amount to an acceptance. Appellant also filed a motion to dismiss for failure to state a cause of action, arguing appellee's delays in returning requested information left a condition precedent of the policy unsatisfied.
The trial court entered a letter opinion on February 14, 1995, identifying the issues before the court as ones of attorney's fees and penalties. The trial court found as follows:
Proof of loss was received on September 19, 1994; a general authorization was signed in September, shortly after the proof of loss; the [appellee] was deposed on November 8th; on November 10th a demand for payment in full on or before December 1st was made; the complaint was filed on December 1st; an answer denying liability was filed on December 15th; and, judgment was confessed on January 5, 1995.
The trial court then concluded that appellant had received all the pertinent information within a few days of the proof of loss, or at least within the sixty-day period as stated in the policy, and that the period of time from the filing of the proof of loss to confession of judgment was unreasonable. The trial court ruled appellee was therefore entitled to the penalty and attorney's fees under section 23-79-208.
On March 8, 1995, appellant filed a motion to reconsider the trial court's letter opinion, again arguing the delaying tactics of appellee, as well as the policy's lack of a sixty-day deadline for investigating the loss. The next day, appellee filed a response to the motion to reconsider and attached to it the one-third contingent fee agreement between appellee and his counsel.
The trial court entered a letter opinion denying the motion to reconsider on April 9, 1995. Consistent with its previous letter opinions, the trial court entered judgment for appellee on May 1, 1995. The judgment reflected that all exhibits attached to the pleadings and motions were made a part of the record. This appeal followed.

REASONABLE OPPORTUNITY TO INVESTIGATE
Appellant's first point for reversal is that the trial court erred in assessing the penalty, attorney's fees, and prejudgment and postjudgment interest before appellant had an opportunity to complete its investigation. First, we consider the award of penalty and attorney's fees made pursuant to section 23-79-208. Then, we consider the award of prejudgment and postjudgment interest.
Section 23-79-208, as applied to the facts of this case, states as follows:
(a) In all cases where loss occurs and the ... fire ... insurance company .. liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.
Appellant contends that its investigation was not completed at the time suit was filed and that this failure to complete the investigation *932 was directly attributable to appellee's own delays in providing requested information and authorizations. Specifically, appellant points to appellee's delay in giving a sworn statement and in supplying specific business-records authorizations.
Appellant argues that appellee unreasonably delayed his compliance with the policy's requirement of giving a statement under oath until such a late date that the investigation could not be completed prior to appellee's own deadline for filing suit. The cases from other jurisdictions cited by appellant in support of this argument are not binding on this court, are not applicable on these facts, and therefore are not persuasive. Appellant acknowledges that it obtained an unsworn statement from appellee a few days after the loss, but contends appellee was unreasonable in waiting until November 8, 1994, to give a sworn statement that appellant had requested on October 11, 1994.
Appellant argues it did not receive the specific business-records authorizations it needed from appellee until three days before he filed suit. Appellant maintains that, upon completion of its investigation, it promptly tendered its policy limits to appellee, and therefore should not be assessed the statutory penalty and attorney's fees. Appellant's reliance on McKee v. Federal Kemper Life Assurance Co., 927 F.2d 326 (8th Cir.1991), is misplaced because that holding was based on the narrow and undisputed facts of that case, which are not similar to the facts of this case.
Appellee responds that, as the trial court found in its letter opinion, appellant was authorized to gather information on this claim on September 16, 1994, and that the fact that appellant waited until November 16, 1994, to begin examining appellant's records and requesting additional information from him illustrates that appellant was dilatory in investigating this claim. Appellee cites Silvey Companies v. Riley, 318 Ark. 788, 888 S.W.2d 636 (1994), as authority for the proposition that the penalty and attorney's fees are allowed, even though the insurer confesses judgment prior to trial, when the insurer cannot demonstrate that its delay was reasonable.
In Silvey Companies, 318 Ark. 788, 790, 888 S.W.2d 636, 637-38, this court quoted section 23-79-208 and stated:
Our construction of this section is straightforward: "Where an insured loss occurs and an insurance company fails to pay the loss within the time specified in the policy, then the insurance company is required to pay, in addition to the loss, a 12% penalty plus reasonable attorneys' fees." Miller's Mut. Ins. Co. v. [Keith] Smith Co., 284 Ark. 124, 126, 680 S.W.2d 102, 103 (1984). The fact that the insurance company later paid the claim does not defeat the award of penalty and attorney's fees for "[i]t is well settled that attorney's fees and penalty attach if the insured is required to file suit, even though judgment is confessed before trial." Federal Life & Casualty Co. v. Weyer, 239 Ark. 663, 666, 391 S.W.2d 22, 23 (1965).
Silvey argues that there is an exception to the above stated general rule and that this exception applies where it is reasonably necessary for the insurance company to continue to investigate the loss even after payment is due under terms of the policy. See Clark v. New York Life Ins. Co., 245 Ark. 763, 434 S.W.2d 611 (1968). The argument does not prevail in this case because it was not reasonably necessary for the insurance company to continue to investigate the case for more than sixty days after the proof of loss was submitted. Here, the insurance company was notified of the fire the day after it occurred and assigned an adjusting firm to investigate the loss. By June 22, 1992, it had concluded the fire was of incendiary origin, and within thirty days after the fire Silvey had set up its arson defense. Silvey took sworn statements from both of the Rileys, and, within sixty days of the fire, it was in position to either admit or deny the claim. Silvey did not show a reasonable need for investigation past the sixty day period.
In the present case, the trial court stated that insurers have a reasonable time in which to investigate a claim before payment despite the two-month limitation set by the policy and by the statute. Here, we note parenthetically that appellant does not contest *933 the sixty-day limitation in the policy, except in its reply brief and in oral argument, and that this court does not consider arguments raised for the first time in reply briefs, Partin v. Bar, 320 Ark. 37, 894 S.W.2d 906 (1995), or in oral argument, State Farm Mut. Auto. Ins. Co. v. LaSage, 262 Ark. 631, 559 S.W.2d 702 (1978). The trial court found that appellant had all the pertinent information within a few days of receipt of the proof of loss, noting that even the sworn statement was taken within the sixty-day period, and that the delay was not due to the fault or inaction of appellee. Thus, the trial court concluded that the period of time from the filing of the proof of loss to confession of judgment was unreasonable. We will not reverse the trial court's findings unless they are clearly erroneous. Ark.R.Civ.P. 52(a); Blaylock v. Staley, 293 Ark. 26, 732 S.W.2d 152 (1987).
It is clear that, in the present case, appellee was forced to file suit. According to Silvey Companies, 318 Ark. 788, 888 S.W.2d 636, the fact that appellant confessed judgment before trial does not affect the attachment of the penalty and attorney's fees. As was the case in Silvey Companies, appellant was in a position to pay or deny the claim at the expiration of the sixty-day period. Also, as was the case in Silvey Companies, appellant has not demonstrated a need to continue to investigate the claim past the expiration of the sixty-day period set by the policy and statute. Consistent with Silvey Companies and on the record before us, we cannot say the trial court's findings were clearly erroneous.
Alternatively, appellant argues the award of $23,100.00 in attorney's fees is excessive. Appellant contends that the only evidence submitted to the trial court from which it could determine the amount of the fee was the one-third contingent-fee agreement between appellee and his counsel. Appellant cites Southall v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc., 283 Ark. 335, 676 S.W.2d 228 (1984), for the proposition that automatic acceptance of a lawyer's contract with a client is not a valid means to determine the prevailing party's attorney's fees.
Appellee responds that appellant has waived this argument on appeal because it did not contest below the amount or evidence of the fee. In short, appellee contends appellant raises this argument for the first time on appeal. We agree.
This court has recently stated that objections to the trial court's award of costs must be raised in the trial court, perhaps via a motion to amend the judgment pursuant to Ark.R.Civ.P. 52(b). Zhan v. Sherman, 323 Ark. 172, 913 S.W.2d 776 (1996). Similar to costs, the award of attorney's fees is a matter for the trial court to determine. Southall, 283 Ark. 335, 676 S.W.2d 228. Therefore, to preserve this argument for appellate review, appellant was required to raise this issue in the trial court, at least by filing a motion to amend the judgment pursuant to Rule 52(b).
With respect to the award of prejudgment interest, appellant argues the award is flawed because it ignores the fact that appellant has a reasonable time to investigate the claim and makes no allowance for such time. The judgment is silent as to the date the prejudgment interest begins. With respect to the award of postjudgment interest, appellant argues the award of it is also flawed because appellant's confession of judgment "cuts off the running of interest." Appellant cites no authority to support these arguments.
Appellee responds that appellant did not raise these arguments below and has therefore waived them on appeal. We agree, for the same reason stated with respect to the award of attorney's fees. Because the awarding of interest is a matter of law for the trial court, Hopper v. Denham, 281 Ark. 84, 661 S.W.2d 379 (1983), appellant was required to raise this issue in the trial court, at least by way of a motion to amend the judgment pursuant to Rule 52(b).

CONFESSION OF JUDGMENT
Appellant's second point for reversal is that the trial court erred in awarding the penalty, attorney's fees, and interest because the appellant offered to confess judgment. Appellant argues that, by promptly confessing judgment, an insurance company should *934 be able to avoid the statutory penalty and attorney's fees.
In support of this argument, appellant cites cases in which this court has held that, when a plaintiff amends his complaint to reduce the amount demanded, the insurance company's liability for the penalty and attorney's fees will be determined by whether it continues to dispute the claim or promptly confesses judgment. See, e.g., Progressive Life Ins. Co. v. Hulbert, 196 Ark. 352, 118 S.W.2d 268 (1938). If the insurance company confesses judgment, it can avoid the penalty and attorney's fees in that situation. Id; see also R.J. "Bob" Jones Excavating Contractor, Inc. v. Firemen's Ins. Co., 324 Ark. 282, 920 S.W.2d 483 (1996), and cases cited therein. Those cases are simply not applicable to the present case, where no reduction in the amount demanded is made, because the basis upon which the insurance company presumably contested payment in those casesa dispute relating to the amount of the loss does not exist in the present case.
Appellant relies heavily on Ark.R.Civ.P. 68 and argues that the statutory penalty and attorney's fees defeat the salutary purpose of Rule 68, which is to encourage prompt settlement. Appellant's argument is entirely without merit and overlooks the purpose of the statute providing for the penalty and attorney's fees, which is to punish the unwarranted delaying tactics of insurance companies. See Silvey Companies, 318 Ark. 788, 888 S.W.2d 636. The statute and the rule are not in conflict. If we were to adopt appellant's argument, an insurance company could delay paying a claim thereby forcing the insured to file suit and then confess judgment, all without ever being at risk for the penalty and attorney's fees. To adopt appellant's argument would render the statute almost worthless. Besides, this court has clearly decided this issue against appellant when it stated, as we reiterated in addressing appellant's first argument, "[i]t is well-settled that attorney's fees and penalty attach if the insured is required to file suit, even though judgment is confessed before trial." Id. at 792, 888 S.W.2d at 638.
Appellee has requested an additional attorney's fee for services rendered on appeal. Although section 23-79-208(b) allows for such an award in our discretion, we do not think an additional fee is warranted on the facts of this case.
The judgment is affirmed.
Special Justices BARBARA P. BONDS and RODERICK H. WEAVER, join in this opinion.
JESSON, C.J., and DUDLEY and GLAZE, JJ., not participating.