CLARK CENTER, INC. v. NATIONAL LIFE AND ACCIDENT
INSURANCE COMPANY

4722                                                    433 S.W. 2d 151

Opinion Delivered November 4, 1968
[Rehearing denied November 25, 1968.]

*Dickey, Dickey & Drake* for appellant.

*Bridges, Young, Matthews & Davis* for appellee.

PAUL WARD, Justice.   This is an appeal from a judgment denying the statutory penalty and attorney's fee to the beneficiaries in an insurance policy. Set out below is a summary of the pertinent facts which are not in dispute.

*Facts.*   Clark Center, Inc. (appellant) is a corporation whose stockholders, prior to March 19, 1967, were Millard M. Clark and his wife and their children.   On the date above mentioned Millard M. Clark died.   He was insured by National Life and Accident Insurance Company (appellee) under a policy which obligated it to pay appellant $47,664 if the insured died through accidental means.   Six days after the death of said Clark demand was made on appellee for payment.   Appellee did not deny liability but promptly started an investigation to determine (a) the names of the stockholders of the corporation and (b) the cause of the death of Clark.   Before the investigation was completed to appellee's satisfaction appellant filed suit (on June 21, 1967), asking appellee to pay the face value of the policy and also "12% penalty and attorney's fee".   Appellee answered, denying it had refused to pay the proceeds of the policy, and stating: it had done everything possible under the circumstances to expedite payment, but appellant had refused to furnish proper and necessary information; it confesses liability on the policy and tendered in court a check for $47,665 payable to the clerk for disbursement pursuant to order of the court. [Later the money was paid to the beneficiaries   at their request.]   It was agreed by both parties that the issues of penalty and attorney's fee would be decided later. That is the only issue before us now.

Both sides filed a Motion for Summary Judgment. Thus the issue was submitted to the trial court on interrogatories and affidavits.

On March 9, 1968 the trial court entered judgment, denying appellant's Motion and granting appellee's Motion on the ground there was "no material issue of fact remaining to be decided". It is our conclusion, for reasons hereafter set out, that the trial court was correct.

Affidavits submitted on behalf of appellee reveal, in substance, the following:

(a) One employee of appellee who made an investigation said he learned Mrs. Clark had been charged with murdering her husband, Millard M. Clark, and was unable to obtain the names of the stockholders in appellant's company.

(b) Another employee of appellee said he tried and failed to obtain any information from Mrs. Clark or the prosecuting attorney.

(c) Mrs. Clark herself admitted that when she was called on by appellee's investigator her son wouldn't talk with him.

(d) Appellee's exhibit "I" reveals an information, dated April 25, 1967, charging Mrs. Clark with homicide.

(e) An article published in the Times Dispatch of Walnut Ridge on March 23, 1967 was to the effect that the prosecuting attorney said there was no evidence of suicide in the death of Millard M. Clark.

Appellant seeks to recover the penalty and attorney's fee under the provisions of Ark. Stat. Ann. § 66-3238 (Repl. 1966) which, in parts material here, reads:

"In all cases where loss occurs and the . . . insurance company . . . shall fail to pay the same

> within the time specified in the policy, after demand made therefor, such person . . . shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve percent (12%) damages . . . with all reasonable attorneys' fees . . . ."

The above section has been construed many times by this Court. Our holdings in many cases are, we think, pertinent and decisive in the case before us at this time.

In *Sun Life Assurance Company of Canada* v. *Coker,* 187 Ark. 602, 61 S.W. 2d 447, in construing § 615 of Crawford & Moses Digest [same as § 66-3238] we said:

> "We have frequently held that the statute is highly penal and should be strictly construed."

To the same effect *National Fire Ins. Co.* v. *Kight,* 185 Ark. 386, 47 S.W. 2d 576, and *Taylor* v. *The Mutual Life Ins. Co. of N.Y.,* 193 Ark. 251, 98 S.W. 2d 944.

In *Dennis* v. *Equitable Life Assurance Society,* 191 Ark. 825 (p. 833), 88 S.W. 2d 76, there appears this statement:

> "Since the insurance company, however, made no dispute as to its liability for the fund, and was not attempting in any respect to defeat a recovery thereof, it was not error to refuse to impose the penalty or to charge attorney's fee against it."

In the *Taylor* case, supra, (p.252) we also said, in referring to this penal statute, ". . . that the insurer shall have a reasonable time to make necessary investigation in reference to the loss and the circumstances after demand." We also said:

> "In other words appellee's duty to appellant in the instant case was to pass upon the proof of

loss expeditiously, in good faith, and within a reasonable time after demand."

We also point out the record reveals: Clark was found dead in his room with a pistol on the floor; no explanation of his death was given to appellee, and; Mrs. Clark was under a charge of having killed her husband. She was a beneficiary in the policy, and, as such, was attempting to force appellee to pay over her share. Yet, if guilty as charged, she had no right to collect. In *Metropolitan Life Insurance Company* v. *Shane*, 98 Ark. 132, 135 S.W. 836, this Court said:

"The wilful, unlawful and felonious killing of the assured by the person named as beneficiary in a life policy forfeits all rights of such person therein."

In view of the above interpretations of the applicable statute and the facts previously set out, we think the trial court was correct in refusing to require appellee to pay a 12% penalty and attorney's fee. It is undisputed that; appellee, at no time, denied all liability; appellee stood ready to pay, and did pay, the face value of the policy as soon as it completed a reasonable investigation, and; appellee, acting in good faith, believed such an investigation was necessary before making payment.

Affirmed.

HARRIS, C.J., not participating.