Paul C. BURNE

v.

JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY.

Supreme Judicial Court of Maine.

July 12, 1979.

Preti, Flaherty & Beliveau by Harold J. Friedman (orally), Joel C. Martin, Portland, for plaintiff.

Hunt, Thompson & Bowie by Roy E. Thompson, Jr. (orally), James M. Bowie, Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, and GODFREY, JJ.

ARCHIBALD, Justice.

This is an appeal by John Hancock Mutual Life Insurance Company (John Hancock) from a judgment awarded to the plaintiff as assignee of a life insurance policy. We sustain the appeal as it relates to the computation of both interest and attorney's fees and remand to the Superior Court for entry of a judgment consistent with this opinion.

On April 27, 1973, Henry DeWitt Page owned certain real estate in Harpswell and mortgaged the same to Brunswick Savings Institution (Bank) as security for his promissory note of $15,000.00. Less than a month later Mr. Page executed an "Application for Group Life Insurance—Home Mortgage" which was routinely submitted by the Bank to the defendant, John Hancock, and accepted by that company. The Bank had a master policy from John Hancock which was utilized for insuring various mortgages running to the Bank, the obvious purpose for which was to pay the Bank the outstanding mortgage indebtedness in the event of the death of a mortgagor.

Mr. Page made five monthly payments of principal, interest, and life insurance premiums but died testate on September 25, 1973, at which time the outstanding mortgage indebtedness was $14,913.00. Mr. Page had devised the Harpswell property to Mr. Burne and his wife, Rita C. Burne.[1] Ultimately Mr. Burne sold the property thus devised and from the proceeds paid the existing balance of the mortgage debt. The Bank then proceeded to discharge its mortgage and assign its interest under the insurance policy to Mr. Burne. John Hancock had refused, but not within sixty days of notification of the loss, to pay the Bank the unpaid balance of the mortgage because it then claimed to have a basic defense to the policy[2] and thus denied any liability under the interest and attorney's fee segments of 24–A M.R.S.A. § 2436.

It was stipulated that the jury trial would be limited to the basic issue of whether the policy was valid when issued. In the event of a plaintiff's verdict the justice presiding was to determine whether 24–A M.R.S.A. § 2436 was applicable to this cause of action, with the understanding that if he ruled it was, he would cause a judgment to be entered accordingly. The justice below determined that the interest and attorney's fee provisions of Section 2436 were applicable and ordered entry of the following judgment: "Judgment entered for the plaintiff in the amount of $14,913.00 plus interest computed at 1½% per month from the due date and attorney's fees computed at the rate of 33⅓%."

24–A M.R.S.A. § 2436 provides:

1. Mrs. Burne was originally a party plaintiff in this action but died testate naming her husband, Paul C. Burne, as her executor and only legatee. Her death was properly suggested on the record in this case and her husband now remains as the sole plaintiff. Rule 25(a)(1), M.R.Civ.P.

2. There were two jury trials in which John Hancock's defense to the policy was asserted. On September 29, 1976, a judgment for $14,-913.00 was entered for the plaintiff, but on John Hancock's motion, a new trial was granted. As a result of the second trial the plaintiff was awarded a jury verdict in the same amount, the issue being limited to whether there had been misrepresentations and/or material concealment in the application for the policy by Mr. Page. The jury's resolution of this issue against John Hancock is not before us.

Claims made by a *named or other person insured thereunder* for payment of benefits under a policy of insurance against loss, delivered or issued for delivery within this State, are payable within 60 days of the date that the insurer receives reasonable proof of loss and amount of loss realized. Unless the insurer notifies the insured in writing within 60 days from the receipt of such proof that the fact or amount of loss is disputed, payments of claims are overdue if not paid within said 60 days. If the insurer disputes only part of the claim, the remainder of the claim is overdue if not paid within 60 days of receipt of proof of loss and amount of loss. Any part or all of the disputed part of the claim that is later supported by reasonable proof that is not further disputed is also overdue if not paid within 60 days after such proof is received by the insurer.

If the insurer fails to pay such claims when due, the amount of the claim *shall bear interest at the rate of 1½% per month after the due date.*

*A reasonable attorney's fee for advising and representing a claimant* on a claim or action for a claim shall be paid by the insurer *if overdue benefits are recovered* in an action against the insurer or if overdue benefits are paid after receipt of notice of the attorney's representation. [emphasis supplied]

The issue which, in our view, is determinative of this appeal was framed by the appellant as follows:

Under the Facts of the Present Case, Does § 2436 of Title 24–A MRSA Apply to Claims Brought by Assignees of Beneficiaries under Life Insurance Contracts?

■ Critical to the resolution of the issue is the manner in which this court must construe Section 2436 in accordance with established rules of statutory construction. A liberal construction such as we apply to remedial legislation, e. g., the Workers' Compensation Act (*see Gilbert v. Maheux*, Me., 391 A.2d 1203, 1205 (1978); *Ross v. Oxford Paper Co.*, Me., 363 A.2d 712, 716 (1976)), would dictate an opposite result from a strict construction necessary for the interpretation of statutes penal in nature. *See Davis v. State*, Me., 306 A.2d 127, 129 (1973). The provision within Section 2436 for interest at the rate of one and a half percent per month upon overdue claims causes the statute to be penal in nature and necessarily invokes a strict construction analysis. *United States v. F. D. Rich Co., Inc.*, 439 F.2d 895, 904 (8th Cir. 1971); *Western Casualty & Surety Co. v. Southwestern Bell Tel. Co.*, 396 F.2d 351, 356 (8th Cir. 1968); *Fohn v. Title Ins. Corp. of St. Louis*, 529 S.W.2d 1, 5 (Mo.1975); *International Security Life Insurance Co. v. Redwine*, 481 S.W.2d 792, 793 (Tex.1972); *Clark Center v. National Life and Accident Insurance Co.*, 245 Ark. 563, 566, 433 S.W.2d 151, 153 (1968); *Hay v. Utica Mutual Insurance Co.*, 551 S.W.2d 954, 958 (Mo.Ct.App.1977); *Killebrew v. Abbott Laboratories*, 352 So.2d 332, 335 (La. Ct. of App.1977); *Halford v. Republic Underwriters Ins. Co.*, 348 So.2d 87, 91 (La.Ct. of App.1977); *Time Ins. Co. v. Arnold*, 319 So.2d 638, 640 (Fla.Dist.Ct. of App.1975). Not necessarily inconsistent with this rule is the holding in *Hubbard v. Lumbermen's Mutual Casualty Co.*, 24 N.C. App. 493, 496, 211 S.E.2d 544, 546 (1975), where a statute providing for allowance of a reasonable attorney's fee for unwarranted failure of an insurer to pay claims of $2,000 or less was held to be remedial because "the obvious purpose [of the statute] is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim." *Compare Hardware Mutual Casualty Co. v. Farmers Insurance Exchange*, 256 Or. 599, 474 P.2d 316, 322 (1970).

■ With reference to this insurance policy, Mr. Page was the only "named . . . insured," nor was there any "other person" whose life was thus insured. The policy contained no language which could be construed as extending life insurance coverage to anyone other than the decedent. Mr. Burne's relationship to the insurance con-

tract was merely that of the assignee of Brunswick Savings Institution which had been the named beneficiary and was only such under the conditions of the master policy because it was the mortgagee of Mr. Page's property in Harpswell. The fact that Mr. Burne was the devisee of the Harpswell property does not create in him the status of an insured under the life insurance policy. As we thus view the plain language of this policy, the claim against John Hancock, therefore, cannot be said to be a claim by a "named or other person insured thereunder."

■ Appellee contends that 24–A M.R. S.A. § 2436 is fully applicable to claims under a policy of life insurance. We disagree.

24–A M.R.S.A. § 2401 provides: "This chapter applies as to all insurance contracts and annuity contracts . . . ." Pointing to this section appellee argues that § 2436 must necessarily apply to life insurance since § 2436 is included within chapter 27, of which § 2401 is the first section.

When the comprehensive Maine Insurance Code, P.L.1969, ch. 132, was enacted, however, § 2436 was not included therein. Section 2436 was initially proposed as an amendment to Title 24–A in the 106th Legislature as L.D.1847, which provided:

R.S., T. 24–A, § 2436, additional. Title 24–A of the Revised Statutes is amended by adding a new section 2436 to read as follows:

§ 2436. Late payment

*Claims under any policy of insurance against loss,* delivered or issued for delivery within this State, are payable within 30 days of the date that the insurer receives reasonable proof of the fact and amount of loss realized.

L.D.1847, 106th Me.Legis., Reg.Sess. (1973) (emphasis supplied).

In the form as originally proposed by L.D.1847, Section 2436 arguably would have applied to all insurance, including life insurance. When reported from the Committee on Business Legislation, however, L.D.1847 had been redrafted to include language that *by its operation,* but not expressly, necessarily excluded life insurance claims. The bill as redrafted was otherwise substantially identical to L.D.1847. L.D.1975, 106th Me.Legis., Reg.Sess. (1973).

Moreover, the placement of Section 2436 within chapter 27 does not by that fact alone mandate the application of Section 2436 to the claim made by the appellee. Clearly Section 2436 has broader application than to merely one category of insurance and would, therefore, be inappropriately placed in a chapter concerning only casualty or health insurance or some other form of insurance contract. But for the anomalous characteristic feature of life insurance which makes the presentation of a death claim by the person whose life was insured impossible, the phraseology of Section 2436 would permit its application to all insurance.

■ The intent of the Committee on Business Regulation was to limit the allowance of attorney's fees and the interest penalty to only those claims presented by those persons *insured* under the provisions of the insurance contract. The Statement of Fact within the committee's redraft declared that "[t]he purpose of the new draft is to *limit* the bill to claims for *first-party coverage* . . . ." L.D.1975, *supra* (emphasis supplied). The committee's amendment clearly reflects an attempt to distinguish between claims of the insured party and claims of third parties, such as the appellee. The wisdom in creating such a distinction is not for us to judge. *National Hearing Aid Centers, Inc. v. Smith,* Me., 376 A.2d 456, 461 (1977).

In view of our holding with respect to the applicability of Section 2436, we need not reach the remaining issues raised by appellant.

The entry is:

Appeal denied as to that part of the judgment for the plaintiff in the sum of $14,913.00.

Appeal sustained and judgment vacated as to that part thereof awarding interest at 1½% per month and attorney's fees at the rate of 33⅓%.

Remanded to the Superior Court for entry of a judgment consistent with this opinion.

WERNICK and NICHOLS, JJ., did not sit.