USABLE LIFE *v*. Thelma FOW and Judith Bohannan Cole

91-197                                820 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered December 16, 1991
[Rehearing denied January 21, 1992.*]

*Davidson, Horne & Hollingsworth*, by: *Allan W. Horne* and *Patrick E. Hollingsworth*, for appellant.

---

*Glaze, Corbin, and Brown, JJ., would grant rehearing.

*Gean, Gean & Gean*, by: *Roy Gean, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the payment of proceeds from a life insurance policy and the issue of whether the complaint in interpleader filed by the appellant, ·USAble Life, relieves it of liability for prejudgment interest, a statutory penalty, and attorneys' fees for its failure to make payment of the policy proceeds to the named policy beneficiaries within the 90 days prescribed by the policy.

USAble Life issued a $2,500.00 life insurance policy to Arlie W. Church under a group policy. On August 18, 1989, Mr. Church executed a change of beneficiary form naming the appellees, his daughters Thelma Fow and Judith Bohannan Cole, as his beneficiaries. Prior to this change, Mr. Church's wife, Mrs. Faye I. Church, had been named the beneficiary of the policy.

Mr. Church died on July 20, 1990, and Mrs. Cole submitted a written claim under the policy for herself and Mrs. Fow on August 13, 1990. Mrs. Church also contacted USAble Life by telephone claiming to be the policy beneficiary and threatened to institute a lawsuit if she did not receive payment. USAble Life requested that Mrs. Church provide documentation in support of her claim, but she failed to do so.

On October 10, 1990, USAble Life filed a complaint in interpleader seeking to pay the life insurance proceeds into the registry of the trial court and asking the trial court to determine the beneficiaries of the policy as among Madams Fow, Cole, and Church.

However, Madams Fow and Cole objected to the proposed deposit of the policy proceeds into the court's registry and counterclaimed against USAble Life for a statutory penalty and attorneys' fees. The parties subsequently stipulated to all of the relevant facts and submitted the issues to the trial court for resolution.

On May 16, 1991, the trial court entered judgment against USAble Life, finding it liable to Madams Fow and Cole for the $2,500.00 policy proceeds, prejudgment interest, and a statutory 12% penalty, but reserving judgment as to the amount of attorneys' fees. In a separate final order dated June 11, 1991, the trial court awarded Madams Fow and Cole $1,070.00 for

attorneys' fees.

On appeal, USAble Life asserts a single point of error and contends that the trial court erred in holding it liable for prejudgment interest, a statutory penalty, and attorneys' fees. We disagree and affirm the judgment of the trial court.

USAble Life claims that the fact that it never denied liability and promptly filed a complaint in interpleader absolves it of any liability for a statutory penalty or attorneys' fees. Its reliance on *Clark Center, Inc.* v. *National Life and Accident Ins. Co.*, 245 Ark. 563, 433 S.W.2d 151 (1968) and *Dennis* v. *Equitable Life Assurance Society*, 191 Ark. 825, 88 S.W.2d 76 (1935), however, is misplaced.

In *Clark Center*, we determined that the beneficiary was not entitled to the statutory penalty and attorneys' fee where the insurer in good faith, under the particular facts and circumstances of that case, believed an investigation was necessary and made a reasonable investigation before making payment.

In *Dennis*, it was apparent that the beneficiaries could not be determined by the insurance organization by a mere examination of the policy of insurance, but recourse had to be had to extraneous proof for a determination of the beneficiary in that case. The vague, uncertain, and indefinite designation of a beneficiary made it necessary to determine or decide certain facts and then to declare the law in relation thereto. We noted that the question of a proper beneficiary was a real one, and the insurance company could not, without involving itself in serious danger, assume the responsibility of deciding disputed facts and controverted propositions of law.

In this case, USAble Life's policy provided that it had 90 days within which to pay claims after it had been notified of a loss. Although USAble Life has never denied liability for this claim, it is undisputed that it had in its files the change of beneficiary form naming Madams Fow and Cole as current beneficiaries of Mr. Church's policy. Further, it is clear that USAble Life did not make an investigation as to the proper party for payment or make payment of the policy proceeds to Madams Fow and Cole as named beneficiaries, but chose instead to initiate an action for interpleader apparently based on Mrs. Church's

verbal claims and the threat of a lawsuit. By doing so, USAble Life avoided what is considered to be a potential lawsuit by filing an action in interpleader, while at the same time placing the burden on Madams Fow and Cole to bear legal expenses in perfecting their claim to the monies that were rightfully theirs as current beneficiaries under the policy.

It is undisputed that Mrs. Church's claims were verbal and that USAble Life never received any written notice claim from her. Arkansas Code Ann. § 23-79-125 (1987) addresses payment by the insurer as a discharge to subsequent claims and provides in pertinent part as follows:

> (a) Whenever the proceeds of or payments under a life . . . insurance policy . . . become payable in accordance with the terms of the policy . . . and the insurer makes payment of the amount in accordance with the terms of the policy . . . the person then designated in the policy . . . as being entitled to the benefits shall be entitled to receive the proceeds or payments and give full acquittance therefor.

> (b) The payment shall fully discharge the insurer from all claims under the policy . . . unless, before payment is made, the insurer has received at its home office written notice by or on behalf of some other person that the other person claims to be entitled to the payment or some interest in the policy . . .

Arkansas Code Ann. § 23-78-208 (1987) addresses damages and attorney fees on loss claims and provides in pertinent part as follows:

> (a) In all cases where loss occurs and the . . . life . . . insurance company . . . shall fail to pay the losses within the time specified in the policy, after demand made therefor, the . . . firm . . . shall be liable to pay the holder of the policy. . . , in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.

> (b) The attorney's fee shall be taxed by the court where the same is heard on original action, by appeal or otherwise, and shall be taxed up as a part of the costs therein and

collected as other costs are or may be by law collected.

\* \* \* \*

■ Absent written notice, then, USAble Life's payment of the insurance proceeds to Madams Fow and Cole would have fully discharged it from all claims under the policy. Since USAble Life opted to file an interpleader, rather than take advantage of its statutory protections under section 23-79-125, it should bear the responsibility of the additional expenses visited on the beneficiaries.

Consequently, the trial court's award of prejudgment interest, a statutory penalty, and attorneys' fees was not clearly erroneous. *Allen* v. *Texarkana Public Schools*, 303 Ark. 59, 794 S.W.2d 138 (1990).

Affirmed.

GLAZE, CORBIN and BROWN, JJ. dissent.

ROBERT L. BROWN, Justice, dissenting. I would reverse the circuit judge's decision to assess a statutory penalty and an attorney's fee.

By its decision today the majority has mandated that insurance carriers should act, against their will, as judges and juries and decide who should receive benefits when a dispute arises between conflicting claimants. Yet, a dispute concerning claimants at odds is precisely the situation that the interpleader procedure was designed to cover. *See* Ark. R. Civ. P. 22. To my way of thinking, the carrier did what was entirely appropriate when it filed its compliant to interplead the funds, admitted liability, and requested a judicial determination of who was the appropriate claimant to be paid.

Here, the insured, Arlie W. Church, died on July 20, 1990. Prior to August 18, 1989, his wife, Faye I. Church, was named the beneficiary of his life insurance policy. After that date, his daughters, Thelma Fow and Judith Bohannan Cole, were so designated. The daughters completed a written claim form which was received by USAble Life on August 17, 1990. Faye I. Church asked for a claim form but did not file the claim. Nor did she provide the carrier with documents to support her claim. She did, however, notify the life insurance carrier on September 24, 1990,

that she was the correct beneficiary, and she threatened litigation if the proceeds were paid to the daughters.

On October 10, 1990, the carrier filed this interpleader action pursuant to Rule 22 to resolve the dispute. The case was then submitted to the circuit judge on stipulated facts. Rule 22 states in relevant part: "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." That provision governs the insurance carrier's dilemma. The majority tries to distinguish written claims from verbal claims. But the rule does not make that distinction. Moreover, what prudent attorney for an insurance carrier would advise payment to the daughters knowing that the widow had put the carrier on notice of her claim?

The majority further implies that USAble Life should have conducted an investigation into this matter. Again, why? We have a judicial procedure to resolve precisely the kind of dispute set out in Rule 22. And this was no frivolous claim. Mrs. Church was the widow of the insured and had a plausible claim to the proceeds as a prior beneficiary.

This is not a case where the insurance carriers refused to pay within the allotted period of time, thus triggering the penalty statute. Here, the carrier admitted liability and offered to pay the proceeds into court. It did so within sixty days of the daughters' claim, which was within the policy's time period. We should not assess a penalty under such circumstances, especially when it is axiomatic that we strictly construe our penalty statute. *See, e.g., Clark* v. *New York Life Ins. Co.*, 245 Ark. 763, 434 S.W.2d 611 (1968); *Clark Center, Inc.* v. *National Life and Accident Ins. Co.*, 245 Ark. 563, 433 S.W.2d 151 (1968).

Turning once more to the enhanced role the majority's decision places on insurance carriers to decide disputes, I concur with the position taken by this court in an earlier decision. *See Dennis* v. *Equitable Life Assur. Soc.*, 191 Ark. 825, 88 S.W.2d 76 (1935). In *Dennis*, the issue, likewise, was whether the children or the widow were entitled to the insurance proceeds. We noted that the dispute was "a real one" and the claims were made "in good faith." 191 Ark. at 833, 88 S.W.2d at 80. We then said:

The appellant insurance company could not, without involving itself in serious danger, assume the responsibility of deciding disputed facts and controverted propositions of law. We hardly think any responsible attorney would have assumed to advise the insurance company to make such settlement, when at a comparatively small expense it could interplead the parties, pay the fund into court, where the controversy could be settled at the expense of the contesting parties, even after the insurance company was discharged.

*Id.*

The status of the widow certainly suggests a potentially valid claim, especially when she had previously been a beneficiary. And there is nothing of record which would have alerted the carrier to the fact that Mrs. Church was making her claim in any manner other than in good faith. The fact that the files of the carrier contained a policy with the daughters named as beneficiaries does not conclusively resolve the dispute. Lack of capacity to change beneficiaries, for example, was an argument that Mrs. Church conceivably could have made.

In short, such factual issues are better left to the courts to decide than to the insurance carriers. I respectfully dissent.

GLAZE and CORBIN, JJ., join.