MINNESOTA MUTUAL LIFE INSURANCE CO. *v.* Gayle
LOONEY

CA 95-1237                                      935 S.W.2d 3

Court of Appeals of Arkansas
Division I
Opinion delivered December 23, 1996

*Armstrong, Allen, Prewitt, Johnston, & Holmes,* by: *Stephen P. Hale* and *Jennifer Zigenhorn,* for appellant.

*Kent J. Rubens* and *James A. Davis, Jr.,* for appellee.

JUDITH ROGERS, Judge. The appellant, Minnesota Mutual Life Insurance Company, appeals from an order awarding appellee, Gayle Looney, the penalties under Ark. Code Ann. § 23-79-208 (Repl. 1992). On appeal, appellant contends that the trial court erred in finding that it was subject to the statutory penalties and that the court erred in awarding an attorney's fee of $7,500. We find no error and affirm.

The following facts are not in dispute. Joe Looney died on April 28, 1993, survived by appellee, who was his wife, and the children from his first marriage. At the time of his death, Mr. Looney had a life insurance policy with appellant in the face amount of $50,000. The named beneficiary of the policy was the deceased's first wife, who had died. In this event, the policy provided that the proceeds would be distributed to the following persons in this designated order: the surviving spouse, then any surviving children, then parents, and finally the deceased's estate, if none of the above were living. On June 4, 1993, appellant received written notification from the decedent's estate informing appellant of Mr. Looney's death and claiming entitlement to the proceeds. Initially, on July 15, 1993, appellant denied that the policy was in effect, but it reversed this position on August 5th by admitting its liability in correspondence to appellee. In this letter, appellant in-

formed appellee that she was eligible to receive the benefits based on the priority set out in the policy, but it advised her that it would withhold payment because of the claim submitted by the estate. On August 9, 1993, appellee presented her written claim to the benefits, and on August 11, one of the deceased's children made written claim to the proceeds. The estate submitted yet another claim to the proceeds on September 4. It was made known to appellant that the claims of the child and the estate were based on the contention that appellee was precluded from receiving the proceeds under the terms of an antenuptial agreement she had entered into with the deceased.

On October 1, appellant sent a letter to the parties acknowledging the dispute among the various claimants and stating that it would proceed with an interpleader action if the dispute were not resolved by October 18. The parties were unable to settle their differences and, when no action was taken by appellant, the estate filed this lawsuit on November 30, 1993, in which all those claiming the benefits were joined, as well as appellant. On January 7, 1994, appellant answered the complaint and interpled the face amount of the policy, with interest.

On the day of trial, appellee and the family settled their dispute by agreeing that appellee was to receive the proceeds of the policy. Because of the settlement, the only issue remaining was appellee's claim against appellant for the penalties allowed under Ark. Code Ann. § 23-79-208 (Repl. 1992). This issue was submitted to the trial court on cross motions for summary judgment with the arguments of the parties focusing on Ark. Code Ann. §§ 23-79-208 and 23-81-113. Arkansas Code Annotated § 23-79-208(a) (Repl. 1992) provides in pertinent part that in all cases where loss occurs and the life insurance company liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the corporation shall be liable to pay the holder of the policy, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss. Arkansas Code Annotated § 23-81-113(b) (Repl. 1992) provides that the period for settlement by an insurer shall not exceed two months from the receipt of proofs. Appellee contended that appellant's delay in paying the loss and its failure to take any action in sixty days subjected appellant to the statutory penalties. In response, appellant maintained that any delay was excusable in light of

the conflicting claims presented to it for the benefits of the policy. The trial court ruled in favor of appellee, and this appeal followed.

■ In its first argument, appellant contends that its failure to take action is excused in this case under an exception which exists when there are conflicting claims made for the benefits of a policy. Appellant points out that, because it did not deny liability, the delay was not intended to defeat the right of recovery. Appellant also argues that the delay was reasonable in light of the multiple claims submitted, which would require judicial determination to resolve since the dispute was based on proof extraneous to the contract of insurance. In making these arguments, appellant relies primarily on the decisions in *Clark Center, Inc.* v. *National Life and Accident Ins. Co.*, 245 Ark. 563, 433 S.W.2d 151 (1968); *Dennis* v. *Equitable Life Assurance Society*, 191 Ark. 825, 88 S.W.2d 76 (1935); and *North British & Mercantile Ins. Co.* v. *Equitable Building & Loan Assn.*, 185 Ark. 476, 47 S.W.2d 797 (1932). We believe that appellant's reliance on the principles espoused in those cases is misplaced given a critical factual difference between them and the case at bar. Here, appellant had full knowledge of the family dispute and set a self-imposed deadline for the parties to resolve their differences before it would resort to bringing an interpleader action. Appellant has offered no explanation as to why it failed to take any action after this deadline had passed with the result that, after another six weeks had elapsed, one of the claimants was forced to institute this litigation. We hold that appellant's failure to act and the delay which it occasioned were unreasonable under the facts of this case. Contrary to appellant's argument, appellant cannot entirely discharge its responsibility by placing the onus on those claiming the proceeds.

■ Appellant also cites *Usable Life* v. *Fow*, 307 Ark. 379, 820 S.W.2d 453 (1991), for the proposition that an insurance company can fall into peril by filing an interpleader action too quickly. However, this dispute came to a head in the month of August, and as of late November appellant had yet to take any action. In conclusion, we can find no merit in the arguments raised by appellant in this point.[1]

■ Appellant further contends in this appeal that the trial

---

[1] Although appellant takes issue with other findings made by the court, we do not find them to be dispositive of this appeal; thus, we find it unnecessary to specifically address them.

court erred in awarding an attorney's fee of $7,500, which it argues is excessive. This issue is not preserved for appeal. The trial court announced its decision and the fee it was awarding in a letter opinion. Appellant raised no objection to the fee set by the court. Consequently, this argument was waived. *Farm Bureau Mutual Ins. Co.* v. *David*, 324 Ark. 387, 921 S.W.2d 930 (1996).

Affirmed.

STROUD and NEAL, JJ., agree.