AMERICAN UNDERWRITERS INSURANCE COMPANY
*v.* Gail L. TURNER

CA 96-351                                    944 S.W.2d 129

Court of Appeals of Arkansas
Division II
Opinion delivered April 30, 1997

*Brazil, Adlong, Murphy & Osment,* by: *Amy Brazil* and *William Clay Brazil,* for appellant.

*Mixon & McCauley, P.A.,* by: *Donn Mixon,* for appellee.

WENDELL L. GRIFFEN, Judge. In this appeal, American Underwriters Insurance Company challenges the trial court's decision that it was not entitled to subrogation according to its insurance contract with Gail Turner for the costs of medical expenses paid under Turner's first-party coverage, despite the fact that Turner settled a tort claim against a third party for $25,000. Appellant also challenges the trial court's decision awarding $13,941.73 for statutory penalty, interest, court costs, and attorney's fees after it was held to have paid underinsured motorist benefits in an untimely manner. We hold that appellant was not entitled to subrogation. Therefore, we affirm the trial court's subrogation decision. However, we reverse the award of a statutory penalty, interest, costs, and attorney's fee.

Appellee, Gail Turner, was injured in a motor vehicle accident caused by a third party. Appellee had automobile insurance with appellant, American Underwriters Insurance Company. Her policy included a medical benefits provision, a subrogation agreement, and underinsured motorists coverage. As a result of the accident, appellee sustained losses of approximately $56,000.00.

Appellant, pursuant to the medical benefits provision, paid $6,523.45 for appellee's medical bills. Appellee settled with the third-party tortfeasor for $25,000, which was the full liability policy limit. Of this amount, $18,221.55 was paid directly to appellee, and $6,778.45 was placed in an interest bearing account pending the resolution of appellant's subrogation claim. Appellant claimed that it was entitled to subrogation for the medical benefits paid to appellee.

Appellee demanded $25,000 from appellant under the underinsured motorist coverage. Initially appellant claimed that appellee did not have that coverage, but it eventually refused to pay until it received proof of the nature and extent of her injuries, proof of payment by the third-party tortfeasor, and proof of appellee's inability to collect from the third-party tortfeasor damages over and above her liability coverage. Two days before trial, after receiving the requested information, appellant paid appellee $25,000 under her underinsured motorist coverage.

After trial on the subrogation issue, the court found that appellant was not entitled to subrogation, and that it had breached its duty to timely pay benefits. As a result of appellant's failure to timely pay benefits, the trial court awarded appellee $13,941.73 in penalty, interest, attorney fees, and costs.

Appellant first contends that the trial court erred by not allowing subrogation for the money paid under the medical benefits provision. Pursuant to the medical benefits provision, appellant paid $6,523.45 for appellee's medical bills. Appellee settled with the third-party tortfeasor for $25,000, of which $18,221.55 was paid directly to appellee and $6,778.45 was placed in an interest bearing account pending the resolution of appellant's subrogation claim. Appellee sustained losses of approximately $56,000.

■■ While the general rule is that an insurer is not entitled to subrogation unless the insured has been made whole for her loss, the insurer should not be precluded from employing its right of subrogation when the insured has been fully compensated and is in a position where the insured will recover twice for some of her damages. *Shelter Mut. Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992). In accordance with the general rule, the insurer is not entitled to subrogation, even if there is an express subrogation agreement, when the insured has not been fully compensated and is not in a position to recover twice for her damages. This is the law as set out in *Franklin v. Healthsource of Arkansas*, 328 Ark. 163, 942 S.W.2d 837 (1997).

■ In *Higginbotham v. Arkansas Blue Cross and Blue Shield*, 312 Ark. 199, 849 S.W.2d 464 (1993), the Arkansas Supreme Court held that where the insurance policy clearly and unambiguously provides the insurer with the right of subrogation to any benefits or services of any kind furnished to the insured for a physical injury caused by a third party to the full extent of the value of those benefits, the insurer is entitled to subrogation even before the insured is made whole. *Id. Healthsource* overrules *Higginbotham* to the extent that an insurer is allowed subrogation pursuant to an express subrogation agreement before the insured is made whole. Accordingly, even though the insurance policy in the instant case contains an express subrogation agreement, the appellant is not entitled to subrogation: the appellee did not have a double recovery because she did not recover an amount above her loss.

■ Next, appellant contends that the trial court erred by awarding $8,333.33 in attorney fees, a $3,000 penalty, $80.75 in court costs, and $2,527.65 in interest to appellee pursuant to Ark. Code Ann. § 23-79-208 (Repl. 1992), which states:

> In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefits society or farmers' mutual aid association liable therefor shall fail to pay the losses within the time specified in the policy, after demand made therefor, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his assigns, in

addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorneys' fees for the prosecution and collection of the loss.

The trial court assessed these costs after finding that appellant breached its duty to timely pay benefits. Unless this finding was clearly erroneous, we cannot reverse that decision. *See, USAble Life v. Fow*, 307 Ark. 379, 820 S.W.2d 453 (1991).

Appellant argues that the imposed charges were not justified because it never denied the claim and promptly paid the claim once the appellee gave it adequate information regarding damages suffered by the appellee. Appellant concedes that initially its claim adjuster indicated to appellee and her attorney that there was no underinsured coverage. However, upon discovering that appellee was, in fact, entitled to underinsured coverage by operation of law, appellant requested certain information from appellee concerning her damages. The requested information included medical expenses, lost income, medical reports, doctors and hospital notes, and verification of settlement with the third party. Appellee did not respond to appellant's request until seven days before trial. Appellant then paid appellee pursuant to the underinsured motorist coverage provision approximately three days before trial.

Pursuant to the insurance policy, appellant had the authority to require appellee to verify her claim for damages in order to receive benefits. Appellant did not deny appellee's claim for underinsured benefits, but rather, requested verification by the appellee of her claim. Once this information was provided, appellant promptly paid benefits to appellee. Accordingly, the trial court's decision to award an attorney's fee and court costs and impose a penalty and interest was clearly erroneous. Therefore, we reverse that award.

Affirmed in part; reversed in part.

ROBBINS, C.J., and ROAF, J., agree.