Clovis McHALFFEY *v.*
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

CA 01-354                                          61 S.W.3d 231

Court of Appeals of Arkansas
Division IV
Opinion delivered December 12, 2001

*Henry, Halsey & Thyer, PLC,* by: *Troy Henry,* for appellant.

*Scott G. Lauck,* for appellee.

ANDREE LAYTON ROAF, Judge. Clovis McHalffey filed suit against his insurance company, Nationwide Mutual Fire

Insurance Company (Nationwide), seeking $115,000, plus attorney's fees, a twelve-percent penalty, and interest, for fire damage to his cotton picker. The day before trial, Nationwide consented to entry of judgment against it for $115,000. At a hearing on the issue of the statutory attorney's fees, penalty, and interest, the circuit court granted McHalffey attorney's fees and interest, but denied the claim for the twelve-percent penalty, finding that Nationwide had made reasonable attempts to settle the claim. McHalffey appeals from the denial of the twelve-percent penalty. We agree that the trial court erred in refusing to award McHalffey the penalty, and reverse and remand.

On November 8, 1999, McHalffey sustained fire loss to his 1996 John Deere cotton picker, which was insured in a policy of farm equipment casualty insurance by Nationwide Insurance Company. McHalffey gave Nationwide notice of the loss, and it made an investigation, determining that the cotton picker was a total loss. McHalffey provided estimates that the value of his cotton picker at the time of the loss was $118,500 and made a claim for $115,000, or alternatively, for Nationwide to purchase a picker comparable to his for that amount. According to his affidavit and testimony, David Wilson, a claims adjuster for Nationwide, made McHalffey an offer for $120,000 by telephone on December 17, 1999, which McHalffey rejected. McHalffey denies that this offer was made. According to Wilson's testimony, he then tried to find replacement pickers and found a comparable picker in Missouri for $97,500. On January 14, 2000, Wilson wrote a letter to McHalffey stating what he had found and Nationwide's offer of $97,500. McHalffey rejected this offer. On March 29, 2000, after McHalffey had filed suit, Wilson advised McHalffey's attorney that he had found another comparable picker in Georgia for $82,000, but that Nationwide's offer remained at $97,500. Wilson testified that the reason the first offer made by telephone was higher than the following offers was that he was not aware that cotton pickers fluctuated in price as much as $30,000 during the year, depending on the time of harvest. Wilson testified that Nationwide's offers of $97,500 were made after he had located pickers comparable to McHalffey's picker.

On March 16, 2000, McHalffey filed a complaint for $115,000, minus a $250 deductible, plus attorney's fees, a twelve-percent penalty, and prejudgment interest. In its original answer, Nationwide denied that the picker was a covered item under its insurance policy and denied that it was obligated to pay any portion of the loss. After discovery, Nationwide filed an amended and substituted answer, admitting all of McHalffey's allegations except

that the amount of the loss was $115,000. Nationwide also filed a motion to dismiss McHalfffey's claims for attorney's fees and penalties. The day before trial, on November 27, 2000, Nationwide learned that its expert witness would be unable to attend the trial and moved for a continuance, which was denied, and Nationwide consented to judgment being entered against it for $115,000, less the $250.00 deductible. After a hearing was held on Nationwide's motion to dismiss McHalfffey's claims for attorney's fees and penalties, the circuit court granted a $5,000 attorney fee and prejudgment interest, but denied the claim for the twelve-percent statutory penalty on the basis that Nationwide had made reasonable efforts to settle. McHalfffey now appeals the denial of his claim for a twelve-percent statutory penalty.

■ McHalfffey argues on appeal that the trial court erred when it denied his claim for the twelve-percent statutory penalty pursuant to Ark. Code Ann. § 23-79-208 (Supp. 2001). A trial court's decision on whether to award attorney's fees, a twelve-percent penalty, and interest pursuant to this statute, due to an insurer's failure to timely pay benefits, will not be reversed on appeal unless the trial court's decision is clearly erroneous. *American Underwriters Ins. Co. v. Turner*, 57 Ark. App. 169, 944 S.W.2d 129 (1997).

McHalfffey contends that where Nationwide failed to pay the benefits prior to suit being filed, Nationwide's settlement offers and its confession of judgment the day before trial is no defense to the application of the mandatory penalty pursuant to section 23-79-208. Nationwide contends that the trial court properly declined to award the penalty because it acted in good faith throughout the case and made reasonable attempts to settle with McHalfffey.

■ Section 23-79-208 provides in pertinent part:

> (a)(1) In all cases where loss occurs and the . . . casualty . . . insurance company . . . shall fail to pay the losses within the time specified in the policy, after demand is made, the corporation shall be liable to pay the holder of the policy . . ., in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

In *Silvey Co. v. Riley*, 318 Ark. 788, 790, 888 S.W.2d 636, 638 (1994), the supreme court stated:

Our construction of [section 23-79-208(a)] is straightforward: "Where an insured loss occurs and an insurance company fails to pay the loss within the time specified in the policy, then the insurance company is required to pay, in addition to the loss, a 12% penalty plus reasonable attorneys' fees" (quoting *Miller's Mut. Ins. Co. v. Smith Co.*, 284 Ark. 124, 126, 680 S.W.2d 102, 103 (1984)). The fact that the insurance company later paid the claim does not defeat the award of penalty and attorney's fees for "it is well settled that attorney's fees and penalty attach if the insured is required to file suit, even though judgment is confessed before trial" (quoting *Federal Life & Cas. Co. v. Weyer*, 239 Ark. 663, 666, 391 S.W.2d 22, 23 (1965)).

■ Allowance of the statutory penalty and attorney's fees is penal in nature and is to be strictly construed. *Shepherd v. State Auto Property & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993). The statute is directed against unwarranted delaying tactics of insurers. *Id*. The insurer's good faith in contesting coverage is not a defense. *See Home Mut. Fire Ins. Co. v. Jones*, 63 Ark. App. 221, 977 S.W.2d 12 (1998) (finding the penalty was appropriate despite the insurer's purported good faith in contesting claim). *But cf. Silvey Co. v. Riley, supra* (holding that the insurer is allowed to continue its investigation beyond the time that payment is due under the policy if reasonably necessary); *Miller's Mut. Ins. Co. v. Keith Smith Co.*, 284 Ark. 124, 680 S.W.2d 102 (1984) (finding the award of the penalty and attorney's fees inappropriate where plaintiff reduced claim against insurer to correct amount and company promptly confessed judgment for that amount).

■ Nationwide further submits that it was not credited for $6,000 that McHalfffey received in salvage of the picker, despite its motion that this sum be credited toward McHalffey's judgment and penalties. However, because Nationwide has failed to file a cross-appeal in this action, we are unable to address this issue. *See Boothe v. Boothe*, 341 Ark. 381, 17 S.W.3d 469 (2000).

■■ Nationwide also contends that there was no time specified in the policy for it to pay the claim, and McHalfffey put on no proof of a specified time in which it was required to pay the claim. However, although section 23-79-208(a) makes reference to an insurance company's failure to pay losses "within the time specified in the policy," the supreme court has held that where an agreement does not specify a time period in which action is to be taken, the application of a reasonable-time analysis is appropriate. *See McKay Properties, Inc. v. Alexander & Assoc., Inc.*, 63 Ark. App. 24, 971

S.W.2d 284 (1998). Moreover, in *Miller's Mut. Ins. Co.*, *supra*, the court has further held that the statutory penalty is properly allowed even though the insurance company later confesses judgment, where it has had a "reasonable opportunity" to pay a claim for an amount less than or equal to the correct amount due under the policy. In this instance, Nationwide did not confess judgment until more than a year after the fire and nearly a year after it had determined that the cotton picker was a total loss, and ultimately settled for the amount that McHalffey had claimed that he was due on the day prior to trial. This is clearly not a reasonable time in which to pay a loss.

Reversed and remanded.

ROBBINS and GRIFFEN, JJ., agree.