ACCEPTED
06-15-00039-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/13/2015 2:07:37 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00039-CV

\* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE COURT OF APPEALS

SIXTH APPELLATE DISTRICT OF TEXAS

AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/13/2015 2:07:37 PM
DEBBIE AUTREY
Clerk

\* \* \* \* \* \* \*

IN THE INTEREST

OF T.N.L.

A CHILD

\* \* \* \* \* \* \*

Appealed from the 307TH Family District Court
Gregg County, Texas
Trial Court No. 2008-353-DR

---

### BRIEF OF APPELLEE
### CARLOS LANIER

---

JESSICA A. KROSCHER
State Bar # 24070879
Attorney at Law
P.O. Box 1228
Longview, TX   75606
Telephone: (903) 553-0085
Facsimile: (903) 553-9448
jessica@longviewlegal.com

ATTORNEY FOR APPELLEE

APPELLEE WAIVES ORAL ARGUMENT

IN THE INTEREST OF

T.N.L.

A CHILD

---

## IDENTITY OF PARTIES AND COUNSEL
Pursuant to T.R.A.P. 38.1 (a)

---

Appellant:             SAMUEL LANIER                Marshall, Texas
                       Father of T.N.L.


Appellant's            EBB B. MOBLEY                P.O. Box 2309
trial counsel:         Attorney at Law             Longview, Texas 75606


Appellant's            EBB B. MOBLEY                P.O. Box 2309
counsel on appeal      Attorney at Law             Longview, TX   75606


Appellee:              CARLOS LANIER               Longview, Texas
                       Mother of T.N.L.


Appellee's trial       JESSICA KROSCHER            P.O. Box 1228
counsel:               Attorney at Law             Longview, Texas 75606


Appellee's             JESSICA KROSCHER            P.O. Box 1228
counsel on appeal      Attorney at Law             Longview, Texas 75606

Trial Judge:           TIM WOMACK                  101 East Methvin, Suite 463
                       307th Family District Judge  Longview, Texas 75601

## TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL......................................................... 1

TABLE OF CONTENTS .............................................................................. 2

INDEX OF AUTHORITIES ......................................................................... 3

STATEMENT OF THE CASE ...................................................................... 4

STATEMENT OF FACTS .......................................................................... 4-6

ISSUE ...................................................................................................... 6

Did the trial court abuse his discretion by rendering a judgment against a defaulting party for the amount of unpaid payments to which the opposing party is entitled to under the final decree of divorce?

SUMMARY OF THE ARGUMENT ............................................................ 7

ARGUMENT .......................................................................................... 7-11

PRAYER ................................................................................................. 11

CERTIFICATE OF COMPLIANCE ............................................................ 12

CERTIFICATE OF SERVICE .................................................................... 12

### SCRIVENER'S NOTE

The parties are referred to as "Samuel", "former husband", or "appellant", and "Carlos", "former wife", or " appellee".

The residence in question located at 2308 Nixson in Longview, Gregg County, Texas is referred to as "the house."

# INDEX OF AUTHORITIES

**Cases**

*Forney v. Jorrie,* 511 S.W.2d 379
(Tex.Civ.App.–San Antonio 1974, writ ref'd n.r.e.)................................................10

*In Re Marriage of Pyrtle,* 433 S.W.2d 152
(Tex.App.–Dallas 2014, pet. denied)........................................................................10

**Statutes**

Texas Family Code §9.002 ...........................................................................8

Texas Family Code §9.006 ...........................................................................7

Texas Family Code §9.007(b) ......................................................................8

Texas Family Code §9.010 ...........................................................................7

Texas Family Code §9.010(b)..................................................................8,9,10

## STATEMENT OF THE CASE

This is an appeal from a ruling in a post-divorce proceeding that was brought by a former wife due to her former husband's failure to meet his financial obligations ordered in the final decree of divorce. The trial court rendered a judgment against the former husband for the amount of unpaid payments to which the former wife was entitled.

## STATEMENT OF FACTS

The parties were divorced on September 26, 2008 and the final decree was entered on November 17, 2008 (Reporter's Record Vol. 2 Page 6)(Clerk's Record Page 24). The final decree specifically ordered Samuel to pay the house note, insurance premiums and property taxes on the house in lieu of child support for the minor child T.N.L. (Clerk's Record Page 13). The final decree further ordered that Samuel was responsible for fifty percent of all maintenance expenses for the house over the amount of five hundred dollars ($500.00) (Clerk's Record Page 22).

At a bench trial held on January 28, 2015, Carlos asked the court to award a judgment in the amount of Samuel's unpaid financial obligations that were ordered in the final decree (Reporter's Record Vol. 2 Page 9)(Clerk's Record Page 34). Carlos testified that after the divorce, she was the one who made the mortgage payments, property payments and tax payments and that Samuel did not make a single payment (Reporter's Record Vol. 2 Page 10). Carlos further testified that after the final decree was entered, the house nearly went into foreclosure proceedings, due to Samuel's nonpayment, until Carlos finally caught up the delinquent amount and began making the payments (Reporter's Record Vol. 2 Page 12). Carlos stated that she had to work two jobs just to be able to make the house payments every month. (Reporter's Record Vol. 2 Page 13).

Carlos further testified that Samuel didn't pay her for one half the cost of a new air conditioner for the house, and that Samuel's responsibility for the air conditioner totaled one thousand five hundred ninety seven dollars and fifty cents ($1,597.50) (Reporter's Record Vol. 2 Page 18). The totality of Samuel's financial responsibility under the final decree that remained unpaid at the time of trial was forty three thousand three hundred fifty three dollars and twelve cents ($43,353.12) (Reporter's Record Vol. 2 Page 18). Giving Samuel credit toward his financial obligations for the twenty one thousand nine hundred and forty eight dollar ($21,948.00) payment that Carlos received from the social security administration, the total amount Samuel was delinquent at the time of trial was twenty one thousand four hundred and five dollars and twelve cents ($21,405.12) (Reporter's Record Vol. 2 Page 18).

Carlos testified that she made all of the mortgage payments from November 11, 2008, the date of the divorce, through June 1, 2014, when their daughter graduated from high school, for a total of forty one thousand seven hundred fifty five dollars and sixty two cents ($41,755.62) (Reporter's Record Vol. 2 Page 17).

The final decree specifically gave Carlos the exclusive use of the house until: T.N.L. turned 18 years of age; graduated high school; or the sale of the residence by mutual agreement of Carlos and Samuel (Clerk's Record Page 22). At that time, the decree orders Carlos to either sell the house; or purchase Samuel's portion of the equity. In the event of a buyout, Carlos was to order an appraisal on the home, and pay Samuel for his one-half interest in and to the equity in said property, over and above outstanding liens thereon (Clerk's Record Page 22-23).

Carlos testified that she ordered an appraisal on the house and it appraised for sixty nine thousand dollars ($69,000.00) (Reporter's Record Vol. 2 Page 18). Carlos further testified the

mortgage payoff as of June 30, 2014 was twenty eight thousand six hundred seventy six dollars and thirty six cents ($28,676.36) (Reporter's Record Vol. 2 Page 19).

Samuel testified that he was unable to inquire about the mortgage because his name was not on the deed (Reporter's Record Vol. 2 Page 33). It was later shown that both Carlos and Samuel were named on the deed of the house (Reporter's Record Vol. 2 Page 3)(Clerk's Record Page 81).

Samuel ultimately conceded that the only proof he had as to whether he met any of the financial obligations ordered in the final decree were the "words I'm telling you" (Reporter's Record Vol. 2 Page 39). Samuel further testified to the court that he did not make any payments required under the divorce decree from either September 11, 2010 or September 11, 2011 forward (Reporter's Record Vol. 2 Page 48).

After the bench trial on January 28, 2015, the order was signed on June 4, 2015 (Clerk's Record Page 106).

The court's findings of fact and conclusions of law was signed by the trial judge on July 29, 2015 (Clerk's Record Page 119).

## ISSUE

Did the trial court abuse his discretion by rendering a judgment against a defaulting party for the amount of unpaid payments to which the opposing party is entitled to under the final decree of divorce?

## SUMMARY OF THE ARGUMENT

The trial court's ruling was not an alteration of the original property division, it was a judgment against Samuel in the amount of the unpaid payments to which Carlos is entitled to under the final decree of divorce.

## ARGUMENT

Applicable Statutes

Texas Family Code §9.006 provides:

(a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, the court may render further orders to enforce the division of property made or approved in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order.

(b) The court may specify more precisely the manner of effecting the property division previously made or approved if the substantive division of property is not altered or changed.

(c) An order of enforcement does not alter or affect the finality of the decree of divorce or annulment being enforced.

Texas Family Code §9.010 provides:

(a) If a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply.

(b) If a party did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.

(c) The remedy of a reduction to money judgment is in addition to the other remedies provided by law.

(d) A money judgment rendered under this section may be enforced by any means available for the enforcement of judgment for debt.

Analysis

Under section 9.002 of the Texas Family Code, the trial court retains jurisdiction to render further orders to enforce the division of marital property. However, it is beyond the power of the trial court to render a ruling after the divorce decree has been entered if it "amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce." Tex.Fam.Code §9.007(b).

Moreover, if a party did not receive payments in accordance with the decree of divorce, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled. Tex.Fam.Code §9.010(b).

The final decree of divorce was entered on November 17, 2008 (Clerk's Record Page 24). The final decree set aside the house for the exclusive use and benefit of Carlos and T.N.L. until the earliest of: 1) T.N.L. attaining eighteen years of age or finishing high school; or 2) the sale of the house by mutual agreement of Carlos and Samuel (Clerk's Record Page 22). During this period of exclusive occupancy, Samuel was ordered to pay the house note, insurance premiums and property taxes in lieu of child support (Clerk's Record Page 13). Additionally, Samuel was ordered to pay fifty percent of all maintenance expenses associated with the house that were above five hundred dollars ($500.00) (Clerk's Record Page 22).

Since T.N.L. has both reached the age of eighteen and graduated from high school, it is undisputed that under the final decree, the house must be either sold or Carlos must purchase Samuel's interest in the property (Clerk's Record Page 22-23). In accordance with the final decree, Carlos began the proceedings to purchase Samuel's interest in the house. She had the property appraised, and a value of sixty nine thousand dollars ($69,000.00) was attributed to the house (Reporter's Record Vol. 2 Page 18). Carlos' testimony and the court's ruling follow Carlos'

summary of requested relief found in the Clerk's Record Page 34:

## Summary of Requested Relief

| | |
|---|---|
| Mortgage Payment Mr. Lanier should have made (beginning 11/11/2008 through 06/01/2014) | $41,755.62 |
| Repairs Mr. Lanier should have reimbursed | $1,597.50 |
| Total owed by Mr. Lanier | $43,353.12 |
| | |
| Amount child received from Social Security Administration | -$21,948.00 |
| Amount remaining owed by Mr. Lanier | $21,405.12 |
| | |
| Value of home (Ct. ordered appraisal attached as exhibit "C") | $69,000.00 |
| Mortgage payoff through 06/30/2014 | -$28,676.36 |
| Total Equity | $40,323.64 |
| | |
| Amount still owed by Mr. Lanier | $21,405.12 |
| Each ½ Equity (approximate) | -$20,161.82 |
| Difference owed by Mr. Lanier | $1,243.30 |

The trial court's adoption of the above listed requested relief in its ruling was a judgment against a defaulting party for the amount of unpaid payments to which the party is entitled, which is permitted under Texas Family Code §9.010(b) .

Samuel presented no tangible proof at trial that he met any of his financial obligations under the final decree. Samuel did claim to have made some cash payments before he stopped working in September of 2010 or 2011, but conceded to the court that he had made no payments since he stopped working (Reporter's Record Vol. 2 Page 48). The court was not persuaded by Samuel's testimony and lack of tangible evidence and ultimately made a finding that he made no payments (Clerk's Record Page 121-122). As a result of his nonpayment, the court found that Carlos paid forty one thousand seven hundred fifty five dollars and sixty two cents ($41,755.62) in mortgage, tax and insurance payments that Samuel should have made (Clerk's Record Page 121).

In addition to not paying the mortgage note, insurance or the taxes on the house, Samuel

failed to pay for his one half of the maintenance expense related to a new air conditioner. Samuel once again offered no proof of meeting his financial obligation and the court found that he had not paid any portion of the three thousand one hundred ninety five dollar ($3,195.00) maintenance expense (Clerk's Record Page 121).

The ruling of the court regarding Samuel's nonpayment of his financial obligations under the final decree establishes Samuel as a party in default under Texas Family Code §9.101(b). Further, it is undisputed that Samuel was ordered to make these payments under the final decree. By making the payments that Samuel was ordered to make, Carlos is entitled to a judgment in the amount of the unpaid payments under Texas Family Code §9.101(b). Accordingly, the court did not abuse his discretion by entering a judgment against Samuel in the amount of his default. It has been established that it is entirely permissible to reduce delinquent monthly payments to a judgment. *Forney v. Jorrie,* 511 S.W.2d 379, 385 (Tex.Civ.App.–San Antonio 1974, writ ref'd n.r.e.).

Moreover, Texas courts have ruled that if a party "does not comply with the portion of the property division in the decree … the trial court ha[s] the authority to reduce the property division made in the divorce decree to a money judgment." *In Re Marriage of Pyrtle,* 433 S.W.2d 152, 165 (Tex.App.–Dallas 2014, pet. denied). That is what the court has done in the present situation and as a result, there has been no impermissible amendment, modification, alteration or change to the substantive division of property found in the decree. *Id.*

It is important to note that even though Samuel claims Carlos violated the final decree by: 1) allowing other persons to occupy the home; and 2) not distributing her Skeeter retirement account, Samuel had no affirmative pleadings on file with the court at the time of trial.

As previously discussed, the final decree set aside the house for the exclusive use and

benefit of Carlos and T.N.L. It is Carlos that is the one to determine what use and benefits she derives from the property, not her ex-husband. The fact that other people were living in the house was not prohibited nor even addressed in the final decree of divorce. In any event, additional persons living in the house with Carlos and T.N.L. would not waive any of Samuel's financial obligations under the final decree.

Samuel also has a contention concerning Carlos' Skeeter retirement account. If this is indeed accurate, the appropriate remedy for Samuel would be to file a Qualified Domestic Relations Order in order to obtain his portion of the account. In fact, as has been the case throughout the present situation, it is Samuel's inaction that is the primary source of his contention with Carlos' retirement account. The only appropriate remedy, that continues to be available to Samuel, is a Qualified Domestic Relations Order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Carlos Lanier, respectfully requests that the Court affirm the judgment of the trial court.

Respectfully submitted,

JESSICA A. KROSCHER
Attorney at Law
State Bar # 24070879
P.O. Box 1228
Longview, TX 75606
Telephone: (903) 553-0085
Facsimile: (903) 553-9448
jessica@longviewlegal.com


/s/ JESSICA A. KROSCHER
JESSICA A. KROSCHER
ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 2,164 words according to the computer program used to prepare the document.

/s/ JESSICA A. KROSCHER
JESSICA A. KROSCHER

## CERTIFICATE OF SERVICE

A copy of this brief was sent to counsel for the Appellant Ebb Mobley, at P.O. Box 2309, Longview, TX 75606, on the 13th day of October, 2015 by efile.

/s/ JESSICA A. KROSCHER
JESSICA A. KROSCHER